592 A.2d 331

Lee Connie MORRIS and Bernard D. Morris, Appellants,

v.

PATHMARK CORPORATION, Supermarkets General and Posner Laboratories, Inc., Appellees.

Superior Court of Pennsylvania.

Argued Jan. 10, 1991.

Filed May 1, 1991.

Reargument Denied July 10, 1991.

George J. O'Neill, Philadelphia, for appellants.

Gary K. Feldbaum, Philadelphia, for appellees.

Before WIEAND, MONTEMURO and HESTER, JJ.

WIEAND, Judge:

In this action to recover for an allergic reaction following use of a hair straightening product, the trial court entered a compulsory nonsuit in favor of the manufacturer and vendor of the product. After careful review, we affirm.

On February 24, 1983, Lee Connie Morris purchased a sealed container of "Posner Frizzzz Control," a hair straightening product, from a Pathmark Supermarket in Edgewater Park, New Jersey. Before going to bed the following evening, she applied the contents to her hair in accordance with the directions on the container. Ms. Morris awoke the next morning with a burning sensation of her scalp and swelling on the left side of her face. She subsequently developed a rash and sores on her scalp, face and

neck, and still later suffered hair loss on both sides of her head and on the back of her head and neck.

Morris instituted an action in trespass against Pathmark Supermarkets and Supermarkets General as retailers of the product, and Posner Laboratories as manufacturer and supplier of the product.[1] She asserted causes of action based upon strict liability in tort and breach of an implied warranty of fitness for a particular purpose. At a non-jury trial on January 4, 1990, appellant presented the liability aspects of her case, which consisted of the deposition testimony of two expert witnesses, Drs. Mustapha Kahn and Howard Goody, the physicians who had treated her for her injury. The defendants then moved for the entry of a compulsory nonsuit, which the trial court granted. Its ruling was based upon appellant's failure to offer evidence of a defective product. Her only evidence was of an unusual allergic reaction to the product. Appellant's oral motion to remove the nonsuit was denied, and she appealed.

The rules regarding a compulsory nonsuit are well settled.

> When a motion for compulsory nonsuit is filed, the plaintiff, appellant here, must be given the benefit of all favorable evidence along with all reasonable inferences of fact arising from the evidence, and any conflict in the evidence must be resolved in favor of the plaintiff. *Coatesville Contractors v. Borough of Ridley Park*, 509 Pa. 553, 559, 506 A.2d 862, 865 (1986). Furthermore, when the trial court is presented with a choice between two reasonable inferences, the case must be submitted to the jury. *Hawthorne v. Dravo Corp., Keystone Div.*, 313 Pa.Super. 436, 460 A.2d 266 (1983). However where it is clear a cause of action has not been established, a compulsory nonsuit is proper. *Storm v. Golden*, 371 Pa.Super. 368, 538 A.2d 61, 63 (1988).

1. Hercules, Inc., the manufacturer of the active ingredient in "Posner Frizzzz Control", was joined as an additional defendant by Posner, but by subsequent stipulation of the parties, the claim against Hercules, Inc., was discontinued.

*Toth v. Economy Forms Corporation,* 391 Pa.Super. 383, 386, 571 A.2d 420, 422 (1990). However, "[t]he determinations of whether a warning is adequate and whether a product is "defective" due to inadequate warnings are questions of law to be answered by the trial judge." *Mackowick v. Westinghouse Electric Corp.,* 525 Pa. 52, 54, 575 A.2d 100, 102 (1990), citing *Azzarello v. Black Brothers Co., Inc.,* 480 Pa. 547, 391 A.2d 1020 (1978).

██ In this case appellant contends that the product was defective in that it was unreasonably dangerous to persons susceptible to allergic reactions to its ingredients because there was no warning or instruction to patch test the product before using it. We disagree.

██ Section 402A of the Restatement (Second) of Torts, adopted by our Supreme Court in *Webb v. Zern,* 422 Pa. 424, 220 A.2d 853 (1966), provides:

§ 402 A. **Special liability of Seller of Product for Physical Harm to User or Consumer**

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

The elements of proof necessary to establish a prima facie case of strict liability are: (1) that the product was in a defective condition upon delivery; (2) that the product was

unreasonably dangerous to the consumer; and (3) that the product was the cause of the injury sustained. See: *Berkebile v. Brantly Helicopter Corp.*, 462 Pa. 83, 337 A.2d 893 (1975); *Incollingo v. Ewing*, 444 Pa. 263, 282 A.2d 206 (1971). To establish a prima facie case of strict liability for a failure to warn, appellant must establish that the lack of warning rendered the product dangerous and that it was the proximate cause of the accident. See: *O'Neill v. Checker Motors Corp.*, 389 Pa.Super. 430, 567 A.2d 680 (1989). "The absence of either factor of 'unreasonably dangerous' or 'proximate cause' is fatal to a plaintiff's cause of action when premised upon a failure-to-warn assertion." *Staymates v. ITT Holub Industries*, 364 Pa.Super. 37, 51, 527 A.2d 140, 147 (1987).

Comment j to Section 402A provides:

J. Directions or warning. In order to prevent the product from being unreasonably dangerous, the seller may be required to give directions or warning, on the container, as to its use. *The seller may reasonably assume that those with common allergies, as for example to eggs or strawberries, will be aware of them, and he is not required to warn against them. Where, however, the product contains an ingredient to which a substantial number of the population are allergic, and the ingredient is one whose danger is not generally known, or if known is one which the consumer would reasonably not expect to find in the product, the seller is required to give warning against it, if he has knowledge, or by the application of reasonable, developed human skill and foresight should have knowledge, of the presence of the ingredient and the danger.* Likewise in the case of poisonous drugs, or those unduly dangerous for other reasons, warning as to use may be required.

Restatement (Second) of Torts § 402A comment j (1978) (emphasis added).

In a factually similar case a Louisiana appellate court dismissed a strict liability action because the plaintiff had

failed to establish that her injury from use of a hair straightening product had been caused by a defective product or that the product had been unreasonably dangerous for normal use where the evidence indicated that the injury could have been caused by either misapplication of the product or an allergic reaction. See: *Booker v. Revlon Realistic Professional Products, Inc.*, 433 So.2d 407 (La. App.1983). The court opined that an unusual or rare idiosyncratic sensitivity on plaintiff's part provided no basis for recovery or even the requirement of a warning from the manufacturer in the absence of evidence that a significant number of persons suffered allergic reactions to the product. See also: *Thomas v. Gillette Co.*, 230 So.2d 870 (La.App.1970) (manufacturer of hair straightening product not strictly liable for injuries suffered from use of product where no evidence of defect, only evidence of an allergic reaction).

Instantly, appellant's treating physicians testified that her injury had resulted from an allergic reaction to "Frizzzz." Neither physician, however, could identify the ingredient in the product which had caused the reaction. There was also evidence that appellant had had a previous history of dermatitis, the same ailment which had been caused by her use of the product in this case. There was no evidence, however, that the product had been unsafe or likely to cause harm to a normal consumer. There also was no evidence that the product had contained an ingredient to which a significant number of persons were allergic. In the absence of such evidence, the manufacturer cannot be held to have known of the risk of an isolated and unusual allergic reaction by one such as appellant. It cannot be held liable for failing to warn users of the risk, where the allergic reaction could not reasonably have been foreseen. See: Restatement (Second) of Torts § 402A comment j (1978). Appellees are not liable merely because appellant had an allergic reaction to the product; the product must be shown to have been defective. See: *Berkebile v. Brantly Helicopter Corp., supra.* We conclude, therefore, that the

trial court did not err when it ruled that appellant had failed to establish a prima facie case of strict liability. Her own evidence showed nothing more than an unusual allergic reaction to the product.

Appellant's evidence also failed to establish a prima facie case for breach of an implied warranty of fitness for a particular purpose. Generally, cases permitting recovery for injuries from use of hair straighteners under this theory involve situations in which the seller has selected and/or applied the product for the consumer. Here, appellant selected the product and applied it herself. Moreover, the law in Pennsylvania is well settled that a seller cannot be liable for breach of an implied warranty merely because of a harmful effect due to an individual idiosyncrasy on the part of the buyer. Thus, in *Barrett v. S.S. Kresge Co.*, 144 Pa.Super. 516, 19 A.2d 502 (1941), the court held that where dermatitis suffered after a buyer had worn a new dress was attributable to an individual allergic reaction, and there was no evidence that the same would have harmed a normal person, the seller of the dress was held not liable for breach of an implied warranty of fitness for a particular purpose. In the instant case, appellant suffered an allergic reaction to appellee's product but offered no evidence to show that a normal consumer would have been similarly afflicted by use of the product. Therefore, appellant failed to establish a prima facie case of a defective product or a breach of warranty of fitness for purpose. It follows that the entry of a compulsory nonsuit by the trial court was proper.

Affirmed.