Process is granted. The Petition for Writ of Mandamus and/or Extraordinary Relief is denied.

■

**Daniel LEWIS, Petitioner**

v.

**COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, Respondent.**

Supreme Court of Pennsylvania.

May 20, 2008.

*ORDER*

PER CURIAM.

**AND NOW,** this 20th day of May, 2008, the Petition for Writ of Extraordinary Relief and the Application for An Immediate Hearing on the Pending Petition for Writ of Extraordinary Relief are hereby **DENIED.**

■

**Mary Rose MERLINI, by and Through her Attorney–In–Fact Joseph P. Merlini**

v.

**GALLITZIN WATER AUTHORITY, Hegemann and Wray Consulting Engineers, Kukurin Contracting, Inc.**

**Petition of Hegemann and Wray Consulting Engineers.**

Supreme Court of Pennsylvania.

May 20, 2008.

*ORDER*

PER CURIAM.

**AND NOW,** this 20th day of May, 2008 the Petition for Allowance of Appeal is **GRANTED.** The issues, as stated by Petitioner, are:

(1) Whether the Superior Court's published decision below is inconsistent with its decision in *Varner v. Classic Communities Corporation,* [890 A.2d 1068 (Pa.Super.2006)] relative to professional negligence claims?

a) Whether a cause of action is one of professional negligence if it depends upon expert testimony for elucidation?

b) Whether the Superior Court erred in concluding that, although expert testimony is required as to [Petitioner]'s negligence, [Respondent]'s cause of action was not one of professional negligence?

(2) Whether the Superior Court erred in failing to apply the plain language of the Engineer, Land Surveyor and Geologist

registration law in holding that the subject of complaint did not assert a professional negligence claim?

Justice TODD did not participate in the consideration or decision of this matter.