Debra FRENCH, as Administratrix of the Estate of Brian P. French, Deceased, and in her own right as an individual, Appellant

v.

COMMONWEALTH ASSOCIATES, INC.; United Conveyor Corporation; and the Babcock and Wilcox Company, and/or a/k/a Babcock & Wilcox Construction Co., Inc., and/or a/k/a Babcock & Wilcox Ebensburg Power, Inc., Appellees

and

Debra French, as Administratrix of the Estate of Brian P. French, Deceased, and in her own right as an individual, Appellant

v.

Gilbert/Commonwealth, Inc., of Michigan, Formerly Known as Commonwealth Associates, Inc. a/k/a and/or Gilbert/Commonwealth, Inc., formerly known as Gilbert Associates, Inc., a/k/a and/or Gilbert/Commonwealth International Inc., Appellees.

and

Debra French, as Administratrix of the Estate of Brian P. French, Deceased, and in her own right as an individual, Appellant

v.

ITT Industries/Harrisburg Design Center; ITT Industries, Inc., formerly known as ITT Indiana, Inc., and/or a/k/a d/b/a Goulds Pumps (IPG), Inc. and/or a/k/a d/b/a Goulds Pumps (PA), Inc., and/or a/k/a d/b/a Goulds Pumps, Incorporated; The Estabrook Corporation; First Energy Corp., and/or a/k/a/ d/b/a First Energy Generation Corp., and/or a/k/a d/b/a First Energy Nuclear Operating Company, and/or

a/k/a d/b/a First Energy Service Company and/or a/k/a d/b/a First Energy Solutions Corp., formerly known as First Energy Services Corp., and/or a/k/a d/b/a First Energy Ventures Corp., Appellees.

Superior Court of Pennsylvania.

Argued March 17, 2009.

Filed July 31, 2009.

Reargument Denied Oct. 6, 2009.

Daniel I. Herman, New Castle, for appellant.

Douglas R. Nolin, Washington, for Gilbert/Com., appellees.

BEFORE: LALLY–GREEN,
GANTMAN, and COLVILLE *, JJ.

OPINION BY GANTMAN, J:

¶ 1 Appellant, Debra French, as administratrix of the estate of Brian P. French, deceased, and in her own right as an individual, appeals from the order of the Lawrence County Court of Common Pleas, denying her petition to open and/or strike the judgment of *non pros*, based on the court's determination that Appellant failed to file a timely certificate of merit under Pa.R.C.P. 1042.3. Specifically, Appellant asks us to determine whether her products liability/breach of warranty claims against the Gilbert defendants ("Appellee") should survive the judgment of *non pros*, absent a certificate of merit. We hold the trial court erred when it failed to review Appellant's entire complaint to determine which counts sounded in professional negligence and which counts sounded in products liability/breach of warranty, so that only the professional negligence claims might be subject to a judgment of *non pros* for failure to file a certificate of merit. Accordingly, we vacate and remand for further proceedings consistent with this opinion.

¶ 2 The trial court opinion fully sets forth the relevant facts and procedural history of this case as follows:

This action arises from the death of [Appellant's] decedent, Brian P. French on April 9, 2001 while Mr. French was employed at the Orion Power Plant located in West Pittsburg, Lawrence County, Pennsylvania. The [c]omplaint seeks recovery for damages arising out of the events resulting in the death of Mr. French and asserts claims of negligence, products liability and breach of warranty against [Appellees], including [Appellees] identified in the pending motions before the [c]ourt.

[Appellant's] Complaint contends that Mr. French, as an employee of Orion, was working as a Senior Power Plant Operator. A co-worker was running ashes in the Number 5 ash pit area of the plant. While running the ashes, a piece of metal became caught in the grinder and tripped a breaker, stopping the grinder. A co-worker turned the grinder back on, but after a few seconds, the grinder jammed again and the co-worker called to shut off a breaker and

---

* Retired Senior Judge assigned to the Superior Court.

opened a door to the "dog box" receptacle area and viewed a piece of metal lodged in the grinder. The co-worker could not reach the piece of metal with his arm and therefore put his arm and head in the receptacle but still could not reach the metal. The co-worker called Mr. French for assistance. After various attempts by the co-worker and Mr. French to reach in and retrieve the metal, eventually, with the grinder turned off, Mr. French put one arm and head in the door and then put his other arm and shoulders into the door reaching for the metal. At approximately the same time, a Gould's Pump Model 3410 of Ashpit System 5 tripped and water and fluid flowed back into the "dog box." The fluid and slurry rushed in and flowed into the "dog box" in a matter of seconds. Mr. French died when his body became trapped in the "dog box" and could not be pulled out in time to save his life.

\* \* \*

This action was commenced on April 3, 2003[,] with the filing of a *praecipe* for writ of summons.[1] A Complaint was filed on September 8, 2005. [Appellee] filed an answer and new matter on November 15, 2005. [Appellant] filed a reply to new matter on February 24, 2006.

[Appellee] filed its *Praecipe* for Judgment of [*Non Pros* ] for failure to file a certificate of merit pursuant to Pa. R.C.P. 1042.6 [governing notice of intent to enter judgment of *non pros* ] on February 11, 2008. On February 20, 2008, [Appellant] filed a certificate of merit against [Appellee] which stated that the conduct of [Appellee] deviated from ac-

ceptable professional standards and brought about the harm underlying this lawsuit. [Appellant] also filed on February 2[2], 2008 a Petition to Open and/or Strike Judgment of [*Non Pros* ]. [Appellant's] Petition to Open and/or Strike Judgment of [*Non Pros* ] contends that its complaint against [Appellee] sets forth a cause of action pursuant to [Restatement (Second) of Torts § 402A], strict product liability, and breach of warranty; that all causes of action against [Appellee] are predicated upon a defective product and do not fall within the scope of professional negligence and that Pa.R.C.P. 1042.3 is inapplicable to a defendant in a products liability/strict liability context.

(Trial Court Opinion, dated June 18, 2008, at 3–5). We add only that following oral argument, the court denied Appellant's petition to open and/or strike the judgment of *non pros* by order dated June 18, 2008. It appears from the record that the order effectively dismissed Appellant's entire complaint against Appellee, for failure to file a timely certificate of merit. The record suggests the order did not dismiss Appellant's claims against the remaining defendants including First Energy. Appellant timely filed a notice of appeal on July 10, 2008. The trial court did not order Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.C.P.1925(b), and Appellant filed none.

¶ 3 On appeal, Appellant presents the following issues for our review:

WHETHER ... IN A PRODUCTS LIABILITY/STRICT LIABILITY CONTEXT, A CERTIFICATE OF MERIT IS REQUIRED?

---

1. Appellant filed separate actions against Appellee and the group of defendants including First Energy. The trial court consolidated the cases against all defendants on June 10, 2005. Only the Gilbert defendants are involved in this appeal.

WHETHER ... AN ENGINEER, WHO PURSUANT TO PENNSYLVANIA LAW IS NOT NECESSARILY LICENSED, COMES UNDER THE AMBIT OF THE REQUIREMENTS OF A CERTIFICATE OF MERIT WHEN THE PLEADINGS ON THEIR FACE DO NOT MAKE AN ASSERTION THAT [A PARTICULAR PARTY] IS A LICENSED PROFESSIONAL[?]

(Appellant's Brief at 9).

■ ¶ 4 As a prefatory matter, we observe a trial court's interlocutory order denying a petition to open and/or strike a judgment of *non pros* is immediately appealable "as of right pursuant to Pa.R.A.P. 311(a)(1) (stating orders refusing to open, vacate or strike off judgment are appealable as of right)." *Smith v. Friends Hosp.*, 928 A.2d 1072, 1074 n. 1 (Pa.Super.2007). *See also Krauss v. Claar*, 879 A.2d 302, 303 n. 4 (Pa.Super.2005), *appeal denied*, 586 Pa. 713, 889 A.2d 1217 (2005). Accordingly, Appellant's claims challenging the court's refusal to open and/or strike the judgment of *non pros* are properly before us for review.

■ ¶ 5 Pennsylvania Rule of Civil Procedure 1042.6,[2] which authorizes entry of a judgment of *non pros* for failure to file a certificate of merit, provides:

### Rule 1042.6. Entry of Judgment of *Non Pros* for Failure to File Certification.

(a) The prothonotary, on *praecipe* of the defendant, shall enter a judgment of *non pros* against the plaintiff for failure to file a certificate of merit within the required time provided that there is no pending timely filed motion seeking to extend the time to file the certificate.

\* \* \*

Pa.R.C.P. 1042.6(a). A judgment of *non pros*, entered pursuant to this rule, is also subject to equitable considerations under Pa.R.C.P. 3051, which governs relief from a judgment of *non pros*, whether entered upon *praecipe* or by the court. *Womer v. Hilliker*, 589 Pa. 256, 272, 908 A.2d 269, 279 (2006). The Rule provides as follows:

### Rule 3051. Relief from Judgment of Non Pros

\* \* \*

(b) If the relief sought includes the opening of the judgment, the petition shall allege facts showing that

(1) the petition is timely filed,

(2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and

(3) there is a meritorious cause of action.

Pa.R.C.P. 3051(b). "[T]he ruling that a trial court makes under Pa.R.C.P. 3051 is reviewed on appeal for an abuse of discretion." *Womer, supra.*

Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

---

**2.** Renumbered as Rule 1042.7 by order of June 16, 2008, immediately effective. The Historical Notes to Rules 1042.1 through 1042.9 provide: "The new and amended rules shall apply to all pending actions in which a judgment of *non pros* for failure to file a certificate of merit has not been entered by the effective date." Here, the judgment of *non pros* was entered on February 11, 2008, before the effective date of the amended rules. Therefore, the prior version of the rule applies to this case.

*Miller v. Sacred Heart Hosp.*, 753 A.2d 829, 832 (Pa.Super.2000) (internal citations omitted).

¶ 6 For purposes of disposition, we combine Appellant's issues. Appellant first argues a certificate of merit was unnecessary under Pennsylvania law to pursue her claims for products liability/strict liability against Appellee. Appellant contends the trial court denied Appellant's petition to open and/or strike judgment of *non pros* based wholly on the subparts of her complaint alleging professional negligence, without considering the substance of her complaint to determine whether the complaint also alleged products liability claims. Appellant alleges the court essentially adopted, on its own, the Restatement (Third) of Torts [3] to require a certificate of merit if an expert must testify at trial, effectively eliminating any distinction between professional negligence and strict products liability claims. Given the court's holding, Appellant submits every products liability claim would become a professional negligence claim, regardless of whether the defendants are licensed professionals.

¶ 7 Appellant further alleges she cured any procedural defect by filing a certificate of merit on February 20, 2008, prior to the court's entry of the judgment of *non pros*. As such, Appellant reasons the trial court could not dismiss her cause of action. Appellant also submits the Prothonotary's notation indicates entry of a judgment of *non pros* for "failure to file a complaint," rather than for failure to file a certificate of merit. Appellant avers the court should have granted her motion to strike the *non pros* based on this procedural defect. Because of this clerical error, Appellant believes no legally enforceable judgment of *non pros* was actually entered in this case.

¶ 8 Additionally, Appellant contends all claims against engineering firms do not necessarily require certificates of merit, unless the claims are directed at the defendant as a "licensed professional." Appellant insists Appellee employs both licensed engineers and non-licensed engineers; Appellee describes itself as a company engaged in architectural and engineering design; but nowhere in the record did Appellee reveal if licensed or non-licensed engineers in its employ produced the ashpit rejection system, including the "dog box" receptacle. Appellant complains the court failed to issue findings of fact regarding whether Appellee is a licensed professional under Pa.R.C.P. 1042.1. Appellant concludes this Court must vacate the judgment of *non pros* and remand the case for further proceedings. For the following reasons, we agree.

¶ 9 The applicable version of Pennsylvania Rule of Civil Procedure 1042.3 provided in pertinent part:

**Rule 1042.3. Certificate of Merit**

(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exer-

---

**3.** The Supreme Court recently dismissed as improvidently granted the case of *Bugosh v. I.U. North America, Inc.*, —— Pa. ——, 971 A.2d 1228 (2009), thereby declining to move from Section 402A of the Restatement (Second) of Torts to Section 2 of the Restatement (Third) of Torts on product liability and substantially alter the legal responsibility scheme grounded on *Azzarello v. Black Brothers Co.*, 480 Pa. 547, 391 A.2d 1020 (1978).

cised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

* * *

(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

* * *

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

* * *

Pa.R.C.P. 1042.3(a).[4]

■ ¶ 10 We further observe:

[O]ur [S]upreme [C]ourt [has] adopted ... rules governing liability actions against licensed professionals. Rule 1042.3 provides that in an action based on an allegation that a licensed professional deviated from an acceptable professional standard, the plaintiff's attorney shall file a certificate of merit with the complaint or within **60 days** after the filing of the complaint. The certificate certifies that another appropriate licensed professional has supplied a written statement that there is a basis to conclude that the care, skill, or knowledge exercised or exhibited by the defendant in the treatment, practice, or work that is the subject of the complaint

fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm. A separate certificate must be filed as to each licensed professional named in the complaint. Under Rule 1042.3(d), the court upon good cause shown shall extend the time for filing a certificate of merit for a period not to exceed 60 days. This rule does not impose any restrictions on the number of extension orders that the court may enter.

If a plaintiff fails to file either a certificate of merit within the required time or a request for an extension, Rule 1042.6 provides that the prothonotary, on *praecipe* of the defendant, shall enter a judgment of *non pros* against the plaintiff. *Hoover v. Davila,* 862 A.2d 591, 593 (Pa.Super.2004) (internal citations omitted) (emphasis added). Rule 1042.1[5] specifically stated: "The rules of this chapter govern a civil action in which a professional liability claim is asserted against a licensed professional." Pa.R.C.P. 1042.1; *Krauss, supra.* The applicable version of Rule 1042.1 governs civil actions against licensed professionals, including engineers or land surveyors. Pa.R.C.P. 1042.1. Thus, a plaintiff is required to file a certificate of merit for claims alleging professional liability against licensed engineers. *Dental Care Associates Inc. v. Keller Engineers, Inc.,* 954 A.2d 597 (Pa.Super.2008), *appeal denied,* 600 Pa. 771, 968 A.2d 233 (2009).

■ ¶ 11 Under Pennsylvania law, a professional negligence claim must contain the following elements:

> To prevail in any negligence action, the plaintiff must establish the following ele-

---

**4.** Rule 1042.3 was amended effective June 16, 2008.

**5.** Rule 1042.1 was also amended effective June 16, 2008 and internally reorganized.

Nevertheless, for our purposes, the consequence is the same as the pertinent version of the rule.

ments: the defendant owed [the plaintiff] a duty; the defendant breached the duty; the plaintiff suffered actual harm; and a causal relationship existed between the breach of duty and the harm. In a professional malpractice action, the determination of whether there was a breach of duty requires the plaintiff to additionally show that the defendant's conduct fell below the relevant standard of care applicable to the rendition of the professional services at issue. In most cases, such a determination requires expert testimony because the negligence of a professional encompasses matters not within the ordinary knowledge and experience of laypersons.

\* \* \*

[W]e discern that there are two questions involved in determining whether a claim alleges ordinary as opposed to professional negligence: (1) whether the claim pertains to an action that occurred within the course of a professional relationship; and (2) whether the claim raises questions of professional judgment beyond the realm of common knowledge and experience.

*Merlini ex rel. Merlini v. Gallitzin Water Authority*, 934 A.2d 100, 104–05 (Pa.Super.2007), *appeal granted*, 597 Pa. 57, 950 A.2d 264 (2008) (internal citations omit-

ted).[6] The applicable version of Pennsylvania Rule of Civil Procedure 1042.2 addressed the form of professional liability complaints as follows:

### Rule 1042.2. Complaint

(a) A complaint shall identify each defendant against whom the plaintiff is asserting a professional liability claim.

*Note:* It is recommended that the complaint read as follows:

"Defendant _____ (name) is a licensed professional with offices in _____ County, Pennsylvania. Plaintiff is asserting a professional liability claim against this defendant."

(b) A defendant may raise by preliminary objections the failure of the complaint to comply with subdivision (a) of this rule.

\* \* \*

Pa.R.C.P. 1042.2(a).[7] Generally, complaints asserting professional liability claims should contain Rule 1042.2 language; however, the substance of the complaint, not its form, determines whether the claim sounds in professional negligence. *Varner v. Classic Communities Corp.*, 890 A.2d 1068, 1073–74 (Pa.Super.2006) (stating: "[I]t is the substance of the complaint rather than its form which controls whether the claim against a pro-

6. The issues for the Supreme Court's review are: (1) Whether the Superior Court's published decision below is inconsistent with its decision in *Varner v. Classic Communities Corporation*, 890 A.2d 1068 (Pa.Super.2006) relative to professional negligence claims: a) Whether a cause of action is one of professional negligence if it depends upon expert testimony for elucidation; b) Whether the Superior Court erred in concluding that, although expert testimony is required as to defendant's negligence, plaintiff's cause of action was not one of professional negligence? (2) Whether the Superior Court erred in failing to apply the plain language of the Engineer, Land Surveyor and Geolo-

gist registration law in holding that the subject of complaint did not assert a professional negligence claim? *Merlini v. Gallitzin Water Authority*, 597 Pa. 57, 58, 950 A.2d 264, 265 (2008).

7. Rule 1042.2 was also amended effective June 16, 2008. We observe the Note under the relevant version of the rule stated: "The filing of preliminary objections raising the failure of a pleading to conform to rule of court is the procedure for bringing before the court the issue of whether the complaint is asserting a professional liability claim."

fessionally licensed defendant sounds in ... professional malpractice"). "[T]o determine what theory of liability [plaintiff] is asserting, this Court must examine the averments [made] in [the] complaint." *Merlini ex rel. Merlini, supra* at 105.

■■■■ ¶ 12 In contrast, Pennsylvania law characterizes products liability claims as follows:

> The Restatement (Second) of Torts § 402A,[3] adopted as the law of this Commonwealth ..., governs all claims of products liability and allows recovery where a product in "a defective condition unreasonably dangerous to the consumer or user" causes harm to the plaintiff. Restatement (Second) of Torts, § 402A (1). Success on such a claim requires the plaintiff to prove that (1) the product was defective, and (2) the defect was the proximate cause of the harm. *Spino v. John S. Tilley Ladder Co.*, 548 Pa. 286, 293, 696 A.2d 1169, 1172 (1997). **There are three types of defective conditions which may give rise to strict liability: manufacturing defect, design defect, and failure to warn defect.** *Phillips v. A-Best Products, Co.*, 542 Pa. 124, 131, 665 A.2d 1167, 1170 (1995). ...

3 Section 402A provides:

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without a substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer had not bought the product from or entered into any contractual relation with the seller.

Restatement (Second) of Torts, § 402A (1965).

The threshold inquiry in all products liability cases is whether there is a defect which rendered the product unreasonably dangerous. A product is defective when it is not safe for its intended use, *i.e.*, the product left the supplier's control lacking any element necessary to make it safe for its intended use. Court control of jury action is more extensive in products liability cases than in the ordinary negligence action.... [O]ur Supreme Court held that the question of whether a product is "unreasonably dangerous" is a question of law to be decided by the trial court, the resolution of which depends upon considerations of social policy, including weighing factors such as the gravity of the danger posed by the challenged design; the likelihood that such danger would occur; the mechanical feasibility of a safer design; and the adverse consequences to the product and to the consumer that would result from a safer design.

*Weiner v. American Honda Motor Co., Inc.*, 718 A.2d 305, 307–08 (Pa.Super.1998) (some internal citations and quotation marks omitted) (emphasis added). "[T]o succeed on a claim of inadequate or lack of warning, a plaintiff must prove that the lack of warning rendered the product unreasonably dangerous and that it was the proximate cause of the injury." *Id.* at 309. Our Supreme Court has stated:

> [T]o establish causation for failure to warn, it must be demonstrated that the user of the product would have avoided the risk had he or she been warned of it by the seller/manufacturer. The determination of whether a warning is adequate and whether a product is "defective" due to inadequate warnings is a question of law to be decided by the trial court judge who must determine, under

an *Azzarello* social policy analysis, whether the imposition of strict liability would be justified under the facts of the case.

*Id.* at 310 (internal citations omitted).

 ¶ 13 Design defects sounding in strict liability must establish that the product was unsafe for its intended use. *Phillips v. Cricket Lighters,* 576 Pa. 644, 650, 841 A.2d 1000, 1003 (2003). Unlike professional liability claims, "strict liability affords no latitude for the utilization of foreseeability concepts." *Id.* at 655, 841 A.2d at 1006. Moreover, our Supreme Court has stated:

> [N]egligence concepts have no place in a case based on strict liability. Indeed, Section 402A of the Restatement (Second) of Torts makes it clear that the imposition of strict liability for a product defect is not affected by the fact that the manufacturer or other supplier has exercised all possible care. This approach is militated by the fact that our strict liability law places the product itself . . . on trial, and not the manufacturer's conduct.

*Id.* (internal quotation marks and citations omitted). Thus, strict liability claims are not concerned with whether the defendant's conduct fell outside or deviated from the relevant acceptable professional standards as explained in *Varner, supra* (addressing Pa.R.C.P. 1042.3). *Phillips, supra* at 655, 841 A.2d at 1006.

 ¶ 14 Under Pennsylvania law, contract claims for breach of the implied warranties of merchantability and fitness for a particular purpose may also fall within the sphere of products liability actions. *Williams v. West Penn Power Co.,* 502 Pa. 557, 568, 467 A.2d 811, 817 (1983). *See also Goodman v. PPG Industries, Inc.,* 849 A.2d 1239, 1245 (Pa.Super.2004), *affirmed,* 584 Pa. 537, 885 A.2d 982 (2005) (stating: "Our Supreme Court harmonized the rules governing implied warranty claims with the rules governing products liability claims, because the two types of actions are now substantially similar"). While breach of warranty and products liability claims are not coterminous, products liability cases often include breach of warranty claims; for example, in cases where the product is alleged unsafe for its intended use. *Phillips v. Cricket Lighters,* 584 Pa. 179, 188 n. 6, 883 A.2d 439, 445 n. 6 (2005).

 ¶ 15 For cases involving a breach of the implied warranty of merchantability, any party injured by the defective product may sue any party in the distributive chain. *Goodman, supra.* "[T]o be merchantable, the goods must be fit for their 'ordinary purposes.' The word 'ordinary' is readily understood to mean 'common' or 'average.'" *Phillips, supra* at 187, 883 A.2d at 444. When breach of warranty claims arise within the context of products liability cases, Pennsylvania law recognizes:

> The rule reflects the fact that liability under [Section] 402A turns on a lack of fitness in the defendant's product, as in the case of an action for breach of warranty, rather than on the breach of a particular duty of care by the defendant, as in the case of an action for negligence. While a plaintiff's hand in a strict liability case will obviously be strengthened by evidence of a specific defect in the defendant's product, such evidence is not necessary to take this part of the plaintiff's case to a jury.

*Kuisis v. Baldwin–Lima–Hamilton Corp.,* 457 Pa. 321, 329, 319 A.2d 914, 920 (1974).

¶ 16 With regard to the necessity of expert testimony to substantiate a plaintiff's claims, this Court has said:

> [E]xpert opinion testimony is proper only where formation of an opinion on a

subject requires knowledge, information, or skill beyond what is possessed by the ordinary juror. In negligence actions, expert testimony is not required where the matter under investigation is so simple, and the lack of skill or want of care so obvious, as to be within the range of the ordinary experience and comprehension of even nonprofessional persons.

*Ovitsky v. Capital City Economic Development Corp.*, 846 A.2d 124, 126 (Pa.Super.2004) (internal quotations and citations omitted). Expert testimony is often necessary in products liability and breach of warranty cases. *See e.g., Gregg v. V–J Auto Parts, Co.*, 596 Pa. 274, 943 A.2d 216 (2007) (affirming use of qualified expert testimony concerning frequency, regularity, and proximity of appellee's exposure to asbestos-containing products sold by appellant); *Pennsylvania Dept. of General Services v. U.S. Mineral Products Co.*, 587 Pa. 236, 898 A.2d 590 (2006) (affirming use of expert testimony in products liability action against chemical manufacturer for contamination of building that caught fire due to chemicals contained in building materials); *Coffey v. Minwax Co., Inc.*, 764 A.2d 616 (Pa.Super.2000) (holding expert testimony was admissible in strict products liability case to rebut appellants' claim of defect or proximate cause); *Morris v. Pathmark Corp.*, 405 Pa.Super. 274, 592 A.2d 331 (1991), *appeal dismissed as improvidently granted,* 536 Pa. 104, 638 A.2d 193 (1994) (affirming use of expert testimony to substantiate breach of implied warranty of fitness for particular purpose in products liability action against manufacturer of hair straightening product causing plaintiff's injury); *Dion v. Graduate Hosp. of University of Pennsylvania,* 360 Pa.Super. 416, 520 A.2d 876 (1987) (holding expert testimony was required in complex products liability cases to determine whether drug manufacturer's warning to medical community was adequate).

¶ 17 Concerning complaints including causes of action for negligence and other forms of liability, this Court recently addressed a similar dilemma in *Zokaites Contracting Inc. v. Trant Corp.,* 968 A.2d 1282 (Pa.Super.2009). In *Zokaites,* the plaintiffs' complaint asserted claims of breach of contract and claims of negligence against a professional engineering firm. The defendants filed a *praecipe* to enter a judgment of *non pros* for the plaintiffs' failure to file a certificate of merit in support of the professional negligence claims, and the prothonotary entered judgment of *non pros.* Subsequently, the trial court granted in part and denied in part the plaintiffs' petition to open the judgment of *non pros,* for failure to timely file a certificate of merit. Specifically, the court opened the judgment of *non pros* as to a non-licensed professional defendant, and as to the breach of contract claims, *i.e.,* averments alleging the defendants failed to perform under the parties' contract. The court, however, denied the plaintiffs' petition to open judgment of *non pros* as to the professional negligence claims for failure to file a certificate of merit. On appeal, the plaintiffs argued, *inter alia,* that none of their claims required a certificate of merit, because all of their claims stemmed from a written contract between the parties. Consequently, the plaintiffs asserted the court erred in denying in part their petition to open the judgment of *non pros.*

¶ 18 Initially, this Court examined the averments in the complaint, and stated: "The substance of the complaint rather than its form is the controlling factor to determine whether the claim against a defendant sounds in professional negligence or contract." *Id.* at 1287. This Court explained: "Under Pennsylvania law, a client may bring both a contract action and a tort action against a professional." *Id.*

The former involves a breach of a duty contained in the contract, whereas the latter involves conduct falling below the applicable standard of care for the professional services at issue. *Id.* Ultimately, this Court affirmed the trial court's decision to deny the plaintiff's petition to open the judgment of *non pros* as to the claims implicating the defendants' professional judgment, or alleging the defendants improperly designed certain work, because such claims sounded in professional negligence. *Id.* at 1292. This Court also affirmed the trial court's decision to open the judgment of *non pros* as to the claims involving contractual duties, because those claims did not require a certificate of merit and should not have been the subject of the judgment of *non pros. Id.* at 1289.

¶ 19 In the instant case, Appellant averred multiple claims against Appellee. Upon *praecipe,* the Prothonotary entered a judgment of *non pros* as to Appellant's entire complaint against Appellee for failure to file a certificate of merit. Almost immediately, Appellant filed a petition to strike and/or open the judgment of *non pros* and a certificate of merit. The record suggests the court refused to strike and/or open the judgment of *non pros* as to **all** of Appellant's claims against Appellee, including Appellant's claims for products liability/breach of warranty. The court found Appellant's complaint identified Appellee as a licensed professional engineer and directed her claims against Appellee in its capacity as a licensed professional. As a result, the trial court concluded Appellant was required to file a certificate of merit as to all of her claims, because the entire complaint sounded in professional negligence. The court further reasoned a certificate of merit was required, because Appellant's action hinged on the fact that Appellant would need expert testimony to establish her claims.

¶ 20 Nevertheless, a thorough review of the complaint indicates it conceivably includes products liability and breach of warranty claims against Appellee. The products liability averments relate to the product itself and not to a professional's deviation from relevant acceptable professional standards. *See Phillips, supra* at 655, 841 A.2d at 1006; *Varner, supra.* The breach of warranty claims focused on whether the product was fit for its "ordinary purpose," as in products liability cases, where the product is unsafe for its intended use. *See Phillips, supra* at 187, 883 A.2d at 444.

¶ 21 Moreover, we reject the court's legal generalization that if an expert is needed to sustain any cause of action included in the complaint, then the entire complaint is necessarily one for professional liability. Such a blanket statement is too inclusive, where expert opinion is often relevant and admissible in a variety of contexts, not just in claims for professional negligence. *See, e.g., Coffey, supra; Dion, supra.* Before the court could reject Appellant's complaint against Appellee wholesale, it should have reviewed the entire complaint to ascertain which paragraphs sounded in professional negligence and which ones related to products liability, and/or breach of warranty, striking only those paragraphs actually sounding in professional negligence. *See Zokaites, supra.*

¶ 22 Based upon the foregoing, we hold the trial court erred when it failed to evaluate Appellant's entire complaint to determine which counts sounded in professional negligence and which counts sounded in products liability/breach of warranty, so that only the professional negligence claims might be subject to a judgment of *non pros* for failure to file a certificate of merit. On remand, the court must also make explicit findings of fact on whether Appellee is a licensed professional under

Pa.R.C.P. 1042.1. Finally, the court must analyze Appellant's petition for relief pursuant to equitable considerations under Pa. R.C.P. 3051. *See Womer, supra.* Accordingly, we vacate and remand for further proceedings consistent with this opinion.

¶ 23 Order vacated; case remanded with instructions. Jurisdiction is relinquished.

¶ 24 JUDGE LALLY–GREEN FILES A DISSENTING STATEMENT.

DISSENTING STATEMENT BY LALLY–GREEN, J:

¶ 1 Because I believe that the trial court correctly determined that Appellant's cause of action against Gilbert/Commonwealth, Inc., of Michigan f/k/a Commonwealth Associates, Inc., f/k/a Gilbert Associates, Inc., a/k/a and/or Gilbert Commonwealth International, Inc., (the "Gilbert defendants")[1] sounds in professional negligence and that a certificate of merit was required, I respectfully dissent.

¶ 2 As the majority notes, we are to review the trial court's refusal to open a judgment of *non pros* for abuse of discretion. Pa.R.C.P. 3051(b); *Womer v. Hilliker*, 589 Pa. 256, 908 A.2d 269, 279 (2006). Controlling precedent mandates that we review the substance of a complaint to ascertain whether the complaint sounds in professional negligence. *Zokaites Contracting, Inc. v. Trant Corp.*, 2009 PA Super 35, 968 A.2d 1282; *Varner v. Classic Communities Corp.*, 890 A.2d 1068 (Pa.Super.2006). In *Zokaites*, the defendants provided professional engineering services to plaintiffs pursuant to written contracts. The trial court opened a judgment of *non pros* as to breach of contract claims but not as to claims that sounded in negligence. This Court affirmed the trial court in both respects. In *Varner*, the plaintiffs sued the architects of a townhouse that burned down. The defendant architects were licensed professionals, and the plaintiffs' allegations involved the architects' failure to comply with applicable codes. We affirmed the trial court's refusal to open a judgment of *non pros*, noting that "one of the most distinguishing features" of a professional negligence claim is "the need, in most cases, for expert testimony that would elucidate complex issues for a jury of laypersons." *Varner*, 890 A.2d at 1074.

¶ 3 In the instant matter, the record—including Appellant's complaint, the Gilbert defendants' answer and the praecipe for judgment of *non pros*—makes clear that the Gilbert defendants are professional, licensed engineers who were acting in their capacity as such when they designed portions of the Orion Power Plant at which Appellant's decedent was tragically killed. Specifically, these filings yield three conclusions: the Gilbert defendants were sued in their capacity as professional, licensed engineers; Appellant alleged professional negligence of the Gilbert defendants in their design of the ashpit system;[2] and expert testimony was necessary. Regarding the point about expert testimony, it is noted that Appellant's allegations involve matters "not within the ordinary knowledge and experience of laypersons," *Zokaites*, 2009 PA Super 35, at ¶ 17, 968 A.2d at 1287, and that expert testimony clearly

---

**1.** I agree that this appeal is properly before us per Pa.R.A.P. 311(a)(1). Further, I note that the Gilbert defendants are the only defendants active in this appeal.

**2.** Appellant specifically alleges, at paragraph 61 of her complaint, that the Gilbert defendants violated the standards of design and manufacture applicable to the Ashpit Rejection System and "dog box" at issue in this action. The complaint further alleges, at paragraph 37(i), that the Gilbert defendants failed to comply with pertinent OSHA standards.

would be necessary "to elucidate complex issues for a jury of laypersons." *Varner*, 890 A.2d at 1074.

¶ 4 As stated above, we are to review the trial court's refusal to open a judgment of *non pros* for abuse of discretion and controlling precedent mandates that we review the substance of a complaint to ascertain whether the complaint sounds in professional negligence. My review reflects that the substance of Appellant's complaint, considered as a whole, is a cause of action sounding in professional negligence. Thus, in my view, the record reflects that the trial court was well within its discretion in declining to open the judgment of *non pros*.

¶ 5 I respectfully dissent.