J-A26024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MICHAEL L. SONOGA, EXECUTOR OF THE ESTATE OF ELSIE T. SONOGA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| PRESTON FORD, INC., AND PRESTON HYUNDAI OF SHARON | |
| | No. 209 WDA 2016 |

Appeal from the Order January 15, 2016
in the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD12-4034

BEFORE:  BENDER, P.J.E., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY RANSOM, J.:                    **FILED NOVEMBER 28, 2016**

Michael L. Sonoga, Executor of the Estate of Elsie T. Sonoga, appeals from the order entered on January 15, 2016, granting summary judgment to Preston Ford, Inc. and Preston Hyundai of Sharon.  We reverse.

Viewing the record in the light most favorable to Appellant as the non-moving party, *see Summers v. Certainteed Corp.*, 997 A.2d 1152, 1161 (Pa. 2010), produces the following summary of the events leading up to the litigation.  Elsie Sonoga purchased a new Hyundai Sonata in December of 2010.  Deposition of Theresa Magdits, 2/13/13, at 59.  In July, 2011, Ms. Sonoga was driving when the car accelerated backwards without driver input.  *Id.* at 9, 14.  She made an appointment to have the brakes

examined and informed the representative that during the incident, green and red lights on the dashboard were illuminated. *Id.* at 9-10, 45.

On July 13, 2011, Ms. Sonoga and her sister Theresa Magdits went to the appointment at the dealership. *Id.* at 10-11. A representative told Ms. Sonoga that no one was available to look at the car and she could either leave it for further inspection or bring it back on another date. *Id.* at 10-11, 25-26. Ms. Sonoga chose to bring the car back another day, as she did not have a ride home. *Id.* at 26.

As Ms. Sonoga drove home, the Sonata accelerated out of her control. *Id.* at 11, 28. Ms. Sonoga cried out to her sister that she could not stop the car. *Id.* The Sonata collided with a vehicle stopped at a red light, before striking a second vehicle. *Id.* at 11, 28; *see also* Police Incident Report, 7/13/11, at 1-4. Ms. Sonoga was killed.[1]

On March 5, 2012, Appellant filed a wrongful death and survival action against Appellees. The complaint raised counts of negligence, strict liability, and breach of warranty, averring that the 2011 Hyundai Sonata driven by Ms. Sonoga was defective. Compl. at ¶ 38. On April 4, 2012, Appellees filed an answer to the complaint with new matter and crossclaim. On April 26, 2012, Appellant filed a reply to the new matter.

---

[1] The only piece of the evidentiary record which states that Ms. Sonoga died as a result of her injuries is the expert report of Thomas Lacek, which the trial court struck as evidence. However, the pleadings indicate that Ms. Sonoga did, in fact, pass away as a result of her injuries.

During discovery, Appellant produced the expert report of Thomas Lacek, P.E., which opined that the floor mat of the Sonata may have covered the accelerator, causing it to stick. Additionally, Appellant deposed the service representative who spoke to Ms. Sonoga on the day of the accident. The representative felt the problem was serious and claimed to have offered Ms. Sonoga a ride home, which she declined. Deposition of Matthew Impton, 2/12/13, at 29-30, 39.

On January 12, 2016, the case proceeded to jury selection. On January 15, 2016, the case was assigned to the trial court for the resolution of pending motions *in limine*. Appellant's Brief at 6-7. On that date, however, the trial court heard only Appellees' motion to strike Appellant's expert report on the basis that it did not opine to a reasonable degree of professional certainty that the floor mat was the factual cause of the accident. Motion in Limine to Strike Expert Report, ¶ 1-5.

After argument, the court granted the motion *in limine*. At that time, Appellees made an oral motion for summary judgment, arguing that without expert testimony as to causation, Appellant would be unable to establish a cause of action for any of the counts raised. Motions Hearing Transcript, 1/15/16, at 32-33. Appellant argued that expert testimony was unnecessary and that there was a factual dispute over whether Appellee's representatives had warned Ms. Sonoga of the danger in driving the car or offered her a rental car or ride home. *Id.* at 34. After argument, the trial court granted the motion for summary judgment.

On January 15, 2016, the trial court entered an order granting the oral motion for summary judgment for the reasons it had stated on the record. **See** Order, 1/15/16, at 1, **see also** Motions Hearing Transcript at 47-49. On January 28, 2016, the trial court entered an order dismissing Appellant's complaint with prejudice and directing the Department of Court Records to enter a judgment in favor of Appellees against Appellant. Order, 1/28/16, at 1.

Appellant timely appealed and now raises the following issue:[2]

> Whether the trial court erred by granting [Appellees'] oral motion for summary judgment after jury selection without even knowing the contents of the full evidentiary record, including and especially, [Appellees'] own admissions of record, which would have been sufficient to defeat summary judgment and allow the case to proceed to the jury for determination absent expert testimony?

Appellant's Brief at 3. Our standard of review is well-settled.

> The standards which govern summary judgment are well settled. When a party seeks summary judgment, a court shall enter judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense that could be established by additional discovery. A motion for summary judgment is based on an evidentiary record that entitles the moving party to a judgment as a matter of law. In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Finally, the court may grant summary judgment only when the

---

[2] The trial court did not direct compliance with Pa.R.A.P. 1925, nor did it issue an opinion in support of its decision.

right to such a judgment is clear and free from doubt. An appellate court may reverse the granting of a motion for summary judgment if there has been an error of law or an abuse of discretion....

*Swords v. Harleysville Ins. Companies*, 883 A.2d 562, 566–67 (Pa. 2005) (citations omitted). To the extent this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record. *Truax v. Roulhac*, 126 A.3d 991, 996 (Pa. Super. 2015).

Appellant argues that the trial court erred in determining that an expert was required to opine on the issue of causation. Appellant avers that because of this predetermination, the trial court failed to consider the full evidentiary record. We agree.

A plaintiff may establish causation with any evidence, direct or circumstantial, which tends to show the defendant's actions as the legal cause of harm. *Hamil v. Bashline*, 392 A.2d 1280, 1285 (Pa. 1978). Expert testimony is not needed in every general negligence case, as it is in medical malpractice cases, however, "[e]xpert testimony becomes necessary when the subject matter of the inquiry is one involving special skills and training not common to the ordinary lay person." *Brandon v. Ryder Truck Rental, Inc.*, 34 A.3d 104, 108 (Pa. Super. 2011). In certain situations involving physical injury, it is possible for a jury to reasonably infer causation from the circumstances of an accident or occurrence and expert testimony is not needed. *Hamil*, 392 A.2d at 1285; *see*, *e.g.*, *French v. Commonwealth Associates, Inc.*, 980 A.2d 623, 633-634 (Pa. Super. 2009) (noting that expert testimony as to causation of defects is not always

required in cases of strict liability and breach of warranty); *see also* *Topelski v. Universal South Side Autos*, 180 A.2d 414, 418 (Pa. 1962).

In *Topelski*, a negligence action, the plaintiff was injured when his motorcycle collided with defendant's automobile. *Topelski*, 180 A.2d at 415-16. On the issue of causation, lay testimony established that the defendant applied the brakes, but the car would not stop. *Topelski*, 180 A.2d at 417-18. On appeal, defendant automobile shop challenged the sufficiency of the evidence, arguing that lay testimony was insufficient to prove causation. *Topelski*, 180 A.2d at 417-18. However, the Pennsylvania Supreme Court rejected the argument and adopted the lower court's discussion. Specifically, in *Topelski*, defendant's statements that the brakes had failed were direct evidence to show causation, and he did not need to be an expert to attest to that fact: such a matter could be understood by any person without special knowledge, training, or skill. *Topelski*, 180 A.2d at 418.

Here, Sonoga cites the following evidence, which was sufficient to establish causation if believed by a fact finder, namely that 1) Ms. Sonoga informed Appellee of a previous instance where the brakes had failed; she had made an appointment to have her breaks examined; 2) Mr. Impton had serious concerns about the safety of the car; and, 3) in the moments immediately preceding the crash, Ms. Sonoga exclaimed that she could not engage the breaks. Thus, as in *Topelski*, there was sufficient evidence of causation without expert testimony.

Thus, the lack of expert testimony as to causation was not fatal to Appellant's claims, as a jury could have reasonably inferred that a malfunction was the cause of Appellant's injuries. It was thus error for the trial court to grant an oral motion for summary judgment without examining the entirety of the record. Accordingly, we reverse the order of the court and remand for further proceedings.

Order reversed; case remanded; jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/28/2016