Traine SMITH, Appellant

v.

FRIENDS HOSPITAL, Dewight Magwood, Benjamin Messina, Ronald Potter, Robert Anthony and Dewayne Thomas, Appellees.

Superior Court of Pennsylvania.

Submitted March 19, 2007.

Filed June 21, 2007.

Reargument Denied Aug. 23, 2007.

---

Laurence A. Narcisi, III, Philadelphia, for appellant.

Kathleen M. Kramer, Philadelphia, for Friends Hospital, appellee.

BEFORE: LALLY–GREEN, McCAFFERY, and PANELLA, JJ.

OPINION BY McCAFFERY, J.:

¶ 1 Appellant, Traine Smith, appeals from the order of the Court of Common Pleas of Philadelphia County that denied her petition to open a judgment of *non pros* filed against her by Appellee, Friends Hospital ("the Hospital"). Specifically, Appellant argues that the trial court abused its discretion when it refused to open the judgment of *non pros* based on its erroneous determination that Appellant was required to have filed a certificate of merit pursuant to Pa.R.C.P. 1042.3(a). After careful review, we reverse.

¶ 2 On October 28, 2005, Appellant filed a complaint alleging that she sustained injuries during a hospitalization at the Hospital when she was sexually assaulted by Appellee, Dewayne Thomas, and "physically assaulted and beaten" by Appellees Thomas, Dewight Magwood, Benjamin

Messina, Ronald Potter, and Robert Anthony (collectively, "the individual Appellees"). (Complaint, filed October 28, 2005, at 8). The complaint alleged that the individual Appellees were at all relevant times employees of the Hospital and that the Hospital was liable under theories of corporate negligence, negligent supervision of employees and agents, and negligence generally.

¶ 3 On January 20, 2006, the Hospital filed a praecipe to enter a judgment of *non pros* on the grounds that Appellant's cause of action constituted a professional liability claim requiring the filing of a certificate of merit within sixty days of the filing of the complaint, pursuant to Pa.R.C.P. 1042.3. Appellant had not filed a certificate of merit by the sixty-day deadline, and a judgment of *non pros* was entered in favor of the Hospital and against Appellant on January 23, 2006. On February 3, 2006, Appellant filed a petition to open the judgment of *non pros*. On April 5, 2006, following oral argument, the trial court denied Appellant's petition.

■ ¶ 4 Appellant filed a timely appeal in which she raises the following single issue for our review:

> Whether the [trial court] erred in refusing to open the judgment of *non pros* where [Appellant] filed a timely petition to open the judgment, there is reasonable explanation for her actions and, finally, she has a meritorious cause of action.

(Appellant's Brief at 5).[1]

> [A] petition to open a judgment is an appeal to the equitable powers of the court. [Such petition] is committed to the sound discretion of the hearing court

and [an order denying the petition] will not be disturbed absent a manifest abuse of that discretion. Ordinarily, if a petition to open a judgment is to be successful, it must meet the following test: (1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense. In making this determination, a court can consider facts not before it at the time the judgment was entered.

*Mother's Restaurant Inc. v. Krystkiewicz,* 861 A.2d 327, 336 (Pa.Super.2004) (*en banc*) (citations omitted). *See also* Pa. R.C.P. 3051(b) (stating that a petition to open a judgment of *non pros* must allege facts showing that (1) the petition is timely filed; (2) there is a reasonable explanation or legitimate excuse for the inactivity or delay; and (3) there is a meritorious cause of action).

¶ 5 In the case *sub judice*, the trial court determined that Appellant's petition to open the judgment of *non pros* itself established that the petition had been promptly filed and that Appellant had alleged a meritorious cause of action. (Trial Court Opinion, dated November 27, 2006, at 3). However, because the trial court determined that Appellant's failure to file a certificate of merit was without reasonable explanation or legitimate excuse, it denied Appellant's petition. (*Id.*)

■ ¶ 6 A certificate of merit must be filed either with the complaint or within sixty days after the filing of the complaint in any action asserting a professional liability claim "based upon an allegation that

---

1. The trial court's interlocutory order is appealable as of right pursuant to Pa.R.A.P. 311(a)(1) (stating that orders refusing to open, vacate, or strike off a judgment are appealable as of right). *See Krauss v. Claar,* 879 A.2d 302, 303 n. 4 (Pa.Super.2005), *appeal denied,* 586 Pa. 713, 889 A.2d 1217 (2005) (noting that an order denying a motion to strike a judgment of *non pros* is appealable as of right pursuant to Pa.R.A.P. 311(a)(1)).

a licensed professional deviated from an acceptable *professional* standard." Pa. R.C.P. 1042.3(a) (emphasis added). The certificate must aver:

> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
>
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

*Id.*

¶ 7 A "licensed professional" includes any person licensed as a health care provider as defined by Section 503 of the Medical Care Availability and Reduction of Error ("MCARE") Act, 40 P.S. § 1303.503. Pa.R.C.P. 1042.1(b)(1)(i). There is no dispute here that the Hospital is a health care provider as defined by the MCARE Act. Therefore, if Appellant's cause of action sounded in professional (*i.e.*, medical) negligence or malpractice, she would have been required to have timely filed a certificate of merit pursuant to Rule 1042.3(a).

■ ¶ 8 Appellant argues that the filing of a certificate of merit was not required because her action against the Hospital did not allege that the Hospital's actions fell below a *professional* or medical standard; rather, the complaint alleged that the Hospital had committed corporate negligence and had engaged in negligent supervision of its employees who were engaged in nonprofessional activities. We agree.

■ ¶ 9 Recently, this Court reviewed a challenge to a trial court's determination as to whether a complaint sounded in medical malpractice. In our review, we took note of how our courts have defined "medical malpractice" and how case law has interpreted this tort:

> Medical malpractice is defined as the unwarranted departure from generally accepted standards of medical practice resulting in injury to a patient, including all liability-producing conduct arising from the rendition of professional medical services. To prevail in a medical malpractice action, a plaintiff must establish a duty owed by the physician to the patient, a breach of that duty by the physician, that the breach was the proximate cause of the harm suffered, and the damages suffered were a direct result of the harm. Thus, the basic elements of medical malpractice and ordinary negligence are the same, although medical malpractice has some distinguishing characteristics....
>
> A medical malpractice claim is distinguished by two defining characteristics. First, medical malpractice can occur only within the course of a professional relationship. Second, claims of medical malpractice necessarily raise questions *involving medical judgment.* Claims of ordinary negligence, by contrast, raise issues that are *within the common knowledge and experience of the fact-finder.* Therefore, a court must ask two fundamental questions in determining whether a claim sounds in ordinary negligence or medical malpractice: (1) whether the claim pertains to an action that occurred within the course of a professional relationship; and (2) *whether the claim raises questions of*

*medical judgment beyond the realm of common knowledge and experience.* If *both* these questions are answered in the affirmative, the action is subject to the procedural and substantive requirements that govern medical malpractice actions.

Therefore, where a complaint is predicated upon facts constituting medical treatment, that is, when it involves diagnosis, care and treatment by licensed professionals, the action must be characterized as a professional negligence action.

*Ditch v. Waynesboro Hospital,* 917 A.2d 317, 321–22 (Pa.Super.2007) (quotations and citations omitted; emphases added). Further, a complaint sounds in medical malpractice where "the conduct at issue constitute[s] an integral part of the process of rendering medical treatment," and where the complaint alleges that "the injury caused to the patient occurred during, and as a direct result of the performance of professional services." *Id.* at 323 (citations omitted).

¶ 10 In the case *sub judice,* Appellant's cause of action is based *only* on her allegations that while hospitalized, she was sexually assaulted and beaten. Appellant's allegations against the Hospital center *only* around claims that the Hospital failed to properly employ and supervise the individual Appellees, who allegedly perpetrated the sexual and physical assaults on Appellant, and that the Hospital failed to create an environment where such acts could not occur.

¶ 11 Thus, although Appellant's claims pertain to an action that occurred within the course of a professional relationship, they clearly do not raise questions involving medical judgment beyond the realm of common knowledge and experience. In fact, they do not raise questions of medical judgment at all. Nothing in Appellant's complaint is predicated upon substandard medical treatment, that is, acts involving "diagnosis, care and treatment by licensed professionals." *Id.* at 322.[2] Therefore, Appellant's complaint does not allege professional negligence or a deviation from an acceptable *professional* standard. *Id.*[3]

¶ 12 Because Appellant had not filed an action against the Hospital alleging that it had "deviated from an acceptable professional standard," a certificate of merit was not required to be filed with the complaint or within sixty days of the complaint's filing pursuant to Pa.R.C.P. 1042.3(a). Accordingly, we determine that the trial court manifestly abused its discretion in denying Appellant's motion to open the judgment of *non pros* on the sole grounds

---

**2.** We further note that with respect to matters of professional medical insurance coverage, our courts have consistently held that professional liability policies do not provide coverage for health care professionals who sexually assault their patients, observing that sexual assaults do not reflect medical skills associated with specialized training. *See Physicians Insurance Co. v. Pistone,* 555 Pa. 616, 726 A.2d 339 (1999); *see also St. Joseph Medical Center v. Medical Professional Liability Catastrophe Loss Fund,* 854 A.2d 692 (Pa.Cmwlth. 2004), *aff'd,* 583 Pa. 412, 879 A.2d 146 (2005) (applying these principles to coverage afforded under the Medical Professional Liability Catastrophe Loss Fund).

**3.** *Cf. Gondek v. Bio–Medical Applications, Inc.,* 919 A.2d 283 (Pa.Super.2007) (holding that a plaintiff injured in an automobile accident who had filed a negligence action against the kidney dialysis treatment company that had, immediately prior to the accident, treated a kidney dialysis patient allegedly responsible for the accident, was required to file a certificate of merit pursuant to Rule 1042.3 because the plaintiff's action, which alleged that the treatment company had inadequately monitored and warned the patient concerning possible activity risks of such treatment, set forth a claim of substandard *professional* care).

that Appellant had failed to timely file a certificate of merit. Because we conclude that the trial court committed a clear abuse of its discretion, we reverse the order entered April 6, 2006.

¶ 13 Order reversed. Case remanded. Jurisdiction relinquished.

¶ 14 LALLY–GREEN, J., notes her dissent.