Mary Rose **MERLINI**, By and Through Her Attorney–in–Fact Joseph P. **MERLINI**, Appellant

v.

**GALLITZIN WATER AUTHORITY**, Hegemann and Wray Consulting Engineers, Kukurin Contracting, Inc., Appellees.

Superior Court of Pennsylvania.

Argued May 23, 2007.

Filed Aug. 29, 2007.

Reargument Denied Nov. 1, 2007.

Catherine T. Miller, Altoona, for appellant.

Jeffrey A. Kubay, Pittsburgh, for Hegemann, appellee.

BEFORE: HUDOCK, TODD, and TAMILIA, JJ.

OPINION BY TODD, J.:

¶ 1 Mary Rose Merlini ("Merlini"), through her attorney-in-fact Joseph P. Merlini, challenges the order denying her petition to open judgment of *non pros* entered against her and in favor of Appellee Hegemann and Wray Consulting Engineers ("Hegemann"). We reverse and remand.

¶ 2 The relevant facts and procedural background of this case are undisputed: In February 2006, Merlini filed a complaint against Hegemann, Gallitzin Water Authority ("Gallitzin"), and Kukurin Contracting, Inc. ("Kukurin"). She alleged that Kukurin, while working under contract with Gallitzin and under the supervision and direction of Hegemann, came upon her property bordering State Route 4001 in Cambria County and, without right-of-way, easement, or permission, constructed a water line on that property, impairing its use.

¶ 3 Following the denial of Hegemann's preliminary objections, on July 17, 2006, Hegemann filed a praecipe for judgment of *non pros* asserting that Merlini alleged a professional liability claim against Hegemann but failed to file a certificate of merit within 60 days of filing her complaint as required by Rule 1042.3 of the Pennsylvania Rules of Civil Procedure. Judgment in

favor of Hegemann was entered by the prothonotary that same day.[1] On August 1, 2006, Merlini filed a petition to open judgment of *non pros*, asserting that her cause of action was based on simple negligence, not professional negligence, emphasizing that "it is simply a basic rule of law that no one can come upon another's property and lay pipes without documentation authorizing the same, none of which exist in this case." (Petition to Open Judgment of Non Pros, 8/1/06, at 2.) Thus, she asserted that no certificate of merit was required, and that the entry of the judgment of *non pros* was erroneous. The court denied the petition on September 27, 2006.

¶ 4 Thereafter, apparently because the order of September 27, 2006 did not dispose of Merlini's claims against Appellees Gallitzin and Kukurin, Merlini sought a determination of finality with regard to the September 27 order pursuant to Rule 341(c) of the Pennsylvania Rules of Appellate Procedure. The trial obliged by order dated December 12, 2006, and thereafter Merlini timely appealed.[2] On appeal, she asserts that the trial court erred in refusing to open the judgment of *non pros*.[3]

■    ¶ 5 When reviewing the denial of a petition to open a judgment of *non pros*, we will reverse the trial court only if we find an abuse of discretion. *Varner v. Classic Communities Corp.*, 890 A.2d 1068, 1072 (Pa.Super.2006). Further, it "is well-established that a motion to strike off a judgment of non pros challenges only defects appearing on the face of the record and that such a motion may not be granted if the record is self-sustaining." *Id.* (quoting *Hershey v. Segro*, 252 Pa.Super. 240, 242, 381 A.2d 478, 479 (1977)).

¶ 6 A petition seeking relief from a judgment of *non pros* must allege that:

(1) the petition is timely filed,

---

1. Judgment was entered pursuant to Rule 1042.6, "Entry of Judgment of Non Pros for Failure to File Certification," which provides, in pertinent part:

   The prothonotary, on praecipe of the defendant, shall enter a judgment of non pros against the plaintiff for failure to file a certificate of merit within the required time provided that there is no pending timely filed motion seeking to extend the time to file the certificate.
   Pa.R.C.P. 1042.6(a).

2. We note that the September 27 order was immediately appealable without a determination of finality, as an order refusing to strike off a judgment of *non pros*, even if interlocutory, is immediately appealable as of right under Rule 311(a)(1) of the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 311(a)(1); *Smith v. Friends Hosp.*, 928 A.2d 1072, 1074, n. 1 (Pa.Super.2007). Thus, in order to appeal the September 27 order, Merlini need not have sought a determination of finality pursuant to Rule 341(c). However, we further note that, because the trial court

failed to act on Merlini's request for a determination of finality within 30 days of the September 27 order, the request was deemed denied by operation of law. *See* Pa.R.A.P. 341(c)(3) ("Unless the trial court or other governmental unit acts on the application within 30 days of entry of the order, the trial court or other governmental unit shall no longer consider the application and it shall be deemed denied."). While the trial court's subsequent December 12 order was thus ineffectual to allow for an appeal under Rule 341, we nevertheless find that the December 12 order, as it essentially amended the September 27 order (*see* Order, 12/12/06), enabled this appeal to be proper as an interlocutory appeal as of right under Rule 311(a)(1).

3. Although Merlini filed late her concise statement ordered pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, all parties agree that they did not receive the 1925(b) order. Thus, we will not find waiver under *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998) (claims not included in court-ordered 1925(b) statement are waived), or its progeny.

(2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and

(3) there is a meritorious cause of action.

Pa.R.C.P. 3051(b); *see also Mother's Restaurant Inc. v. Krystkiewicz*, 861 A.2d 327, 336 (Pa.Super.2004) *(en banc)*. It is undisputed that Merlini's petition satisfied the first and third elements; thus the dispute in this case concerns the second element, which we frame as follows: whether Merlini was required to file a certificate of merit in conjunction with her complaint.

¶ 7 Rule 1042.3 of our civil procedural rules governing professional liability claims provides that a certificate of merit must be filed with, or within 60 days after, the filing of a complaint in any action asserting a professional liability claim "based upon an allegation that a licensed professional deviated from an acceptable professional standard." Pa.R.C.P. 1042.3(a); *see generally Womer v. Hilliker*, 589 Pa. 256, 266–67, 908 A.2d 269, 275–76 (2006) (discussing the policies behind rules of civil procedure governing professional liability claims). The certificate must aver:

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa.R.C.P. 1042.3(a).

¶ 8 Although Merlini contests the determination (*see* Appellant's Brief at 14–16), we assume *arguendo* that Hegemann is a licensed professional for purposes of Rule 1042.3. Thus, the only issue is whether her complaint asserts a professional liability claim—that is, whether she alleges that Hegemann deviated from an acceptable *professional* standard.

¶ 9 Merlini asserts that no certificate of merit was required in this case because her suit is not "in the nature of a professional liability claim, but rather is based on the common law principal [sic] that one cannot come on another's land and install a water line without a right-of-way or easement." (Appellant's Brief at 9.) Thus, she contends that Hegemann, by directing the actions of the parties coming onto her land, committed a trespass:

[Hegemann] had a duty to [Merlini], as a landowner, not to come onto [her] property without an easement. They breached that duty by directing the contractor to come upon [Merlini's] property without an easement. As a result, [Merlini's] property was damaged by the laying of water pipes on [her] property that limited [her] right to use the surface above the pipes. The same amounts to a continuing trespass. . . . Thus, there is no "professional negligence" just "ordinary negligence".

(Appellant's Brief at 11.)

¶ 10 By contrast, Hegemann asserts that "this case involves the issue, as framed by the allegations of the Complaint, whether [Hegemann] properly designed the placement of the waterline within the existing right-of-way" and "whether [Hegemann] correctly directed the contractor where exactly to install the waterline with reference

to the plans designed by [Hegemann]." (Appellee's Brief at 5, 6). Hegemann asserts that the "determination of right-of-ways and the design and placement of the waterlines within the right-of-ways were an integral part of the professional services that [Hegemann] was rendering to [Gallitzin] as engineer for the Water System Improvements Project." (*Id.* at 7.) It claims that the necessary interpretation of the relevant engineering land surveys "demonstrates that [Hegemann's] duty to plot out the right-of-way for the location of the water lines necessarily involves the knowledge and skill of a professional [and] was beyond the realm of common knowledge and experience." (*Id.* at 8–9.)

■ ¶ 11 In determining whether Merlini has alleged a professional liability claim, we begin by discussing the distinction between claims of ordinary negligence and professional negligence. To prevail in any negligence action, the plaintiff must establish the following elements: the defendant owed him or her a duty; the defendant breached the duty; the plaintiff suffered actual harm; and a causal relationship existed between the breach of duty and the harm. *Freed v. Geisinger Med. Ctr.*, 910 A.2d 68, 72–73 (Pa.Super.2006), *appeal granted*, 2007 WL 2212756 (Pa. Aug.2, 2007). In a professional malpractice action, the determination of whether there was a breach of duty requires the plaintiff to additionally show that the defendant's conduct fell below the relevant standard of care applicable to the rendition of the professional services at issue. *See id.*; *Ditch v. Waynesboro Hosp.*, 917 A.2d 317, 321–22 (Pa.Super.2007). In most cases, such a determination requires expert testimony because the negligence of a professional encompasses matters not within the ordinary knowledge and experience of laypersons.

*Yee v. Roberts*, 878 A.2d 906, 912 (Pa.Super.2005); *Varner*, 890 A.2d at 1074.

■ ¶ 12 This Court has most often discussed the distinction between ordinary and professional negligence in the context of medical malpractice cases. *See Smith v. Friends Hosp.*, 928 A.2d 1072, 1074–76 (Pa.Super.2007); *Ditch*, 917 A.2d at 321–22; *Varner*, 890 A.2d at 1074; *Grossman v. Barke*, 868 A.2d 561, 570 (Pa.Super.2005). In these cases, this Court has cited with approval the analysis of the Michigan Supreme Court, wherein that court elucidated the difference between a claim of ordinary negligence, and one of medical malpractice, as follows:

A medical malpractice claim is distinguished by two defining characteristics. First, medical malpractice can occur only " 'within the course of a professional relationship.' " Second, claims of medical malpractice necessarily "raise questions involving medical judgment." Claims of ordinary negligence, by contrast, "raise issues that are within the common knowledge and experience of the [fact-finder]." Therefore, a court must ask two fundamental questions in determining whether a claim sounds in ordinary negligence or medical malpractice: (1) whether the claim pertains to an action that occurred within the course of a professional relationship; and (2) whether the claim raises questions of medical judgment beyond the realm of common knowledge and experience. If both these questions are answered in the affirmative, the action is subject to the procedural and substantive requirements that govern medical malpractice actions.

*Bryant v. Oakpointe Villa Nursing Centre*, 471 Mich. 411, 684 N.W.2d 864, 871 (2004) (citations omitted). Generalizing from these decisions, we discern that there are two questions involved in determining

whether a claim alleges ordinary as opposed to professional negligence: (1) whether the claim pertains to an action that occurred within the course of a professional relationship; and (2) whether the claim raises questions of professional judgment beyond the realm of common knowledge and experience.

¶ 13 In order to determine what theory of liability Merlini is asserting, this Court must examine the averments she makes in her complaint. *Ditch,* 917 A.2d at 321. Moreover, it is the substance of the complaint rather than its form which controls whether the claim against a professionally licensed defendant sounds in ordinary negligence or professional malpractice. *Varner,* 890 A.2d at 1074. This review "raises a question of law as to which our standard of review is *de novo* and our scope of review is plenary." *Ditch,* 917 A.2d at 321 (internal quotation marks omitted).

¶ 14 In her complaint, Merlini alleges that Kukurin, under contract to Gallitzin and under the direction of Hegemann, constructed a water line on her property without right-of-way, easement, or permission, constituting a "trespass and negligence". (Complaint, 2/6/06, at ¶¶ 4, 10.) Specifically against Hegemann, she alleges:

17. [Hegemann] is the engineering firm that were [sic] the engineers for the Water System Improvements relating to the water line installed by [Kukurin] for [Gallitzin].

18. It is believed and therefore averred that [Hegemann] had a duty to plot out any right of way needed to lay out the new water line or to assure [Gallitzin] no such easement or right of way was needed.

19. It is believed and therefore averred that [Hegemann] negligently re-

searched the right of way along S.R. 4001.

(*Id.* at ¶¶ 17–19.) Merlini also lists a litany of state, county, and municipal records applicable to the relevant property rights that, she alleges, Hegemann failed to "adequately review." (*Id.* at ¶¶ 20–24.) She concludes:

29. It is believed and therefore averred that [Hegemann] had a responsibility to investigate the Right of Way issue raised by [Merlini] before allowing and/or directing [Kukurin] to install the water line on [Merlini's] property.

30. It is believed and therefore averred that [Hegemann] exceeded their authority by allowing and/or directing [Kukurin] to install the water line beyond the Legal Right of Way along S.R. 4001 without a permit.

31. The actions of [Hegemann] amounted to gross negligence and violated a duty to [Merlini] in this matter and utter disregard for the property rights of [Merlini].

32. As a result thereof, [Merlini] lost and continues to lose full and total use of the surface and/or subsurface rights along S.R. 4001.

(*Id.* at ¶¶ 29–32.)

¶ 15 Thus, in short, Merlini alleges that Hegemann had a duty to her to determine the position of the right-of-ways and/or easements applicable to the water line project, and breached that duty by installing a water line on her property without permission. We conclude that these allegations concern ordinary, not professional, negligence.

¶ 16 While Hegemann's actions occurred during its performance of professional services, the duty that Merlini alleges was breached was not a professional duty— that is, the allegations do not raise ques-

tions of professional judgment beyond the realm of common knowledge and experience. Hegemann may have had professional duties to Gallitzin and Kukurin to oversee the water line installation in accordance with appropriate engineering standards of care (and if those duties were breached, they would give rise to a professional negligence action). The duty allegedly owed *Merlini*, however, was not professional in nature. *Cf. Krauss v. Claar*, 879 A.2d 302 (Pa.Super.2005) (property purchasers' allegations, *inter alia*, that attorney for seller misrepresented facts material to the sale did not raise any claims regarding attorney's duties as a licensed professional; rather, purchasers' claims concerned attorney's conduct, in representing sellers of property, toward purchasers).

¶ 17 Essentially, Merlini alleges that Hegemann negligently committed a trespass on her property. (*See* Complaint, 2/6/06, at ¶ 10 ("The actions of [Kukurin], while working under contract with [Gallitzin] and under the supervision and direction of [Hegemann], constitutes a trespass and negligence.").) The alleged duty not to do so is one which any third party would owe a property owner, and whether or not that duty was breached does not require a professional judgment; it requires only an understanding of the location of Merlini's property, the location of any applicable easements or right-of-ways, and how these intersect with the installed water line.

¶ 18 Admittedly, it may require expert testimony to interpret the applicable state, county, and municipal records which evidence the property rights at issue, and thus allow a factual determination in that regard. But once that factual issue is determined, no expert will be required to opine regarding whether Hegemann breached a duty to Merlini not to trespass on her property. Either a trespass oc-

curred, or it did not, and no professional judgment is involved.

¶ 19 We find instructive our recent decision in *Smith, supra.* Therein, the appellant was sexually assaulted and beaten by several employees of the hospital where she was a patient. She filed suit against her attackers and the hospital, asserting theories of corporate negligence and negligent supervision. As in the instant case, the hospital sought judgment of *non pros* against the appellant for her failure to file a certificate of merit in conjunction with her complaint, and judgment was entered. The appellant appealed the trial court's failure to open the judgment, rejecting her argument that no certificate of merit was required because her suit asserted simple, not professional, negligence.

¶ 20 On appeal, we reversed. Relying on *Ditch, supra,* we rejected the trial court's conclusion the appellant had alleged professional negligence:

Appellant's cause of action is based *only* on her allegations that while hospitalized, she was sexually assaulted and beaten. Appellant's allegations against the Hospital center *only* around claims that the Hospital failed to properly employ and supervise the individual Appellees, who allegedly perpetrated the sexual and physical assaults on Appellant, and that the Hospital failed to create an environment where such acts could not occur.

*Smith*, 928 A.2d at 1076 (emphasis original). We concluded that, although the appellant's claims pertained to actions that occurred with the course of a professional relationship, they raised no question of professional judgment. *Id.* Likewise, in the instant case, Merlini's claim raises no question of professional judgment. *Cf. Gondek v. Bio–Medical Applications of Pennsylvania, Inc.*, 919 A.2d 283 (Pa.Super.2007) (car passenger's suit against dial-

ysis center allegedly providing negligent dialysis treatment to driver which resulted in accident was professional liability claim requiring certificate of merit as claim implicated dialysis center's professional standard of care to driver), *appeal denied,* 928 A.2d 1291 (Pa.2007).

¶ 21 Accordingly, we conclude that Merlini's complaint does not assert a professional liability claim against Hegemann and thus that she was not required, under Rule 1042.3, to file a certificate of merit in conjunction with her complaint. As a result, the trial court abused its discretion in not granting her petition to open the judgment of *non pros* on the grounds that she failed to file a certificate of merit, and we must reverse its September 27, 2006 order and remand.[4]

¶ 22 Order of September 27, 2006 **REVERSED.** Case **REMANDED.** Jurisdiction **RELINQUISHED.**

---

4. Given our resolution of this issue, we do not address Merlini's related claim that Hegemann waived any rights under Rule 1042.3 to the filing of a certificate of merit by failing to file its praecipe for judgment of *non pros* under Rule 1042.6 in a timely fashion. Nor do we address Merlini's alternative argument that references in her complaint somehow satisfied any obligations under Rule 1042.3.