J-S37023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HARRY DARBY, | |
| Appellant | No. 2042 EDA 2014 |

Appeal from the Order June 10, 2014
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): No. 2010-02778

BEFORE:  GANTMAN, P.J., SHOGAN, and LAZARUS, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 07, 2015**

Appellant Harry Darby ("Darby") appeals from the June 10, 2014 order from the Court of Common Pleas of Montgomery County denying Darby's second petition to open a default judgment.  Bank of America, N.A. ("BANA") is the Appellee/Mortgagee.  For the following reasons, we affirm.

The trial court described the procedural history of this matter, as follows:

> On February 2, 2010, [BANA] filed its mortgage foreclosure complaint.  The Montgomery County Sheriff's Department served the complaint on [an adult person in charge of [Darby's] residence] on March 1, 2010.  (Docket entry no. 1).
>
> The Prothonotary entered default judgment against [Darby] on April 28, 2010.  Attached to the Praecipe to Enter Default Judgment is the required certification from [BANA] that it had served [Darby] with Notice of Intention to file the Praecipe to Enter Default Judgment at least 10 days prior to filing the

Praecipe to Enter Default Judgment. [BANA] also attached a copy of the Notices of Intention to file Praecipe to Enter Default Judgment that it sent to [Darby]. Those notices are dated 3/23/10 and 4/7/10.

[Darby] filed a Petition to Open/Strike Default Judgment on 4/17/12. In this Petition, [Darby] alleges that: (1) service was not properly effectuated as he was incarcerated at the time and (2) [BANA] failed to serve the required Notice of Intent to file Praecipe to Enter Default Judgment prior to filing the Praecipe to Enter Default Judgment.

By Memorandum Opinion and Order dated 10/22/12, we denied [Darby's] 4/17/12 Petition to Open/Strike Default Judgment. We concluded that [BANA] had properly served the complaint. The sheriff's department served the complaint within the required 30-day period following the filing of the complaint. Furthermore, the complaint was served on an adult person in charge of [Darby's] residence as permitted by the Rules of Civil Procedure.

We also concluded that [Darby] had failed to satisfy the three-prong test for opening default judgment, which consists of the following elements: (1) the petition has been promptly filed; (2) the default can be reasonably explained or excused; and (3) there is a meritorious defense to the underlying claim. *Miller Block Co. v. U.S. National Bank in Johnstown,* 567 A.2d 695 (Pa. Super. 1989).

We determined that [Darby] could not satisfy the first prong of the test in that he did not file his Petition to Open until nearly two (2) years following entry of default judgment.

On December 4, 2012, [Darby] appealed the Order denying his 4/17/12 Petition to Open/Strike Default Judgment. *See* 1396 EDA 2013. Pursuant to [BANA's] request to quash the appeal as untimely, the Superior Court quashed the appeal by Order filed on July 16, 2013.

On December 13, 2012, while [Darby's] appeal of the denial of his Petition to Open/Strike Default Judgment was pending in the Superior Court, [Darby] filed a Motion to Open Default Judgment on the basis of fraud committed by [BANA].

[Darby] included the following allegations in this Motion to Open Default Judgment:

- 2 -

(1) [BANA] never filed or served the required Notice of Intention to file Praecipe to Enter Default Judgment;

(2) no praecipe certifying prior notice of intent to file for default judgment exists as shown on the docket;

(3) the Prothonotary did not provide [Darby] with the 10-day notice of intent to file for default judgment;

(4) [BANA] did not provide the Prothonotary with a stamped envelope addressed to [Darby] as required by Pa.R.C.P. 236; and

(5) [BANA] and the Court failed to serve [Darby] with documents related to [Darby's] 4/17/12 Petition to Open/Strike Default Judgment.

On February 11, 2013 (the rule return date related to [Darby's] 12/13/12 Motion to Open Default Judgment), [BANA] filed a response to [Darby's] 12/13/12 Motion to Open Default Judgment.

On March 1, 2013, [Darby] filed an Answer and Affirmative Defenses to [BANA's] Complaint.

On April 2 and 5, 2013, [Darby] filed identical requests for production of documents. [Darby] filed a Motion to Compel Production of Documents and Things on April 19, 2013. On May 14, 2013, [BANA] filed a response to [Darby's] 4/19/13 Motion to Compel. In its response, [BANA] alleged that it had responded to [Darby's] request for documents on 4/15/13. [BANA] produced documents requested by [Darby]. A copy of the documents produced was attached to [BANA's] response to [Darby's] 4/19/13 Motion to Compel.

On June 10, 2013, [Darby] again filed a Motion to Compel Production of Documents and Things. [Darby] alleged that [BANA] had not complied fully with [Darby's] prior request for documents.

Also on June 10, 2013, [BANA] filed a Motion to Strike [Darby's] Answer and Affirmative Defenses that [Darby] filed on 4/17/12 and 3/1/13.

By Order dated June 25, 2013, we stayed any action on any outstanding motions due to the pending appeal in the

- 3 -

Superior Court ([Darby's] appeal of the 10/22/12 Order denying his 4/17/12 Petition to Open/Strike Default Judgment; 1396 EDA 2013).

On July 25, 2013, [Darby] appealed our Order dated June 25, 2013. *See* 2630 EDA 2013. By Order filed in the Superior Court on 7/16/13, the Superior Court granted [BANA's] Motion to Quash the appeal at 1396 EDA 2013 as untimely.

As a result of the quashing of [Darby's] appeal at 1396 EDA 2013, the case could proceed again. Therefore, by Order dated 12/9/13, we scheduled a one-hour video conference regarding the four (4) motions/petitions set forth in the first paragraph of this Memorandum Opinion and Order. . . . Our Order also set forth a briefing schedule related to these four (4) motions/petitions.

* * *

By Order filed in the Superior Court on 11/22/13, the Superior Court granted [BANA's] application to quash [Darby's] appeal (2630 EDA 2013) of the Order dated 6/25/13 that stayed the case. The Superior Court quashed the appeal because it was not taken from a final order.

Trial Court Opinion, 6/9/14, at 2–5 (footnotes omitted).

Darby's second petition to open the default judgment was premised primarily on an allegation that BANA fraudulently represented that it had served certain documents (Docket Entries 41–48)[1] on Darby. The

---

[1] The pertinent docket entries are: Docket No. 41–Argument Praecipe filed by BANA; Docket No. 42–BANA's response to Darby's 4/17/12 Petition to Open/Strike Default Judgment; Docket No. 43–BANA's brief in support of its response; Docket No. 44–BANA's certificate of service noting that it had served Darby with Docket Nos. 41–43; Docket No. 45–Rule Return date issued by Court Administration regarding Darby's 4/17/12 Petition; Docket No. 46–Order issued by Court Administration noting that Darby's Petition would be listed for argument upon the filing of an argument praecipe. Also, the Order noted that if any discovery regarding the motion was required, it
*(Footnote Continued Next Page)*

subsequent petition also repeated the claim raised in Darby's original petition that the notice of intent to enter default was improper and defective. BANA filed a response to Darby's second petition denying the allegations and arguing, *inter alia*, that the petition was barred by the doctrines of *res judicata* and collateral estoppel.

On February 21, 2014, the trial court held a video conference to hear argument on the merits of Darby's second petition, as well as the two outstanding discovery motions and BANA's motion to strike Darby's answer and affirmative defenses to the foreclosure complaint. At the outset of the hearing, Darby asserted that BANA had not complied with his discovery motions and informed the court that he required additional time for discovery to prove his claim of fraud. N.T., 2/21/14, at 4–6.

BANA, for its part, submitted that this Court's decision to quash the appeal at 2630 EDA 2013 as untimely mooted further consideration of the matter and urged the court to dismiss all the motions. N.T., 2/21/14, at 8. BANA also represented that it had complied with Darby's discovery requests. *Id*. at 9–10.

On the merits of the petition's allegations, Darby contended that BANA failed to serve him with the pleadings and statutory notices required in a

*(Footnote Continued)* ———————————

was to be completed within 60 days; Docket No. 47–BANA's Argument Praecipe waiving argument; Docket No. 48–BANA's certificate of service noting that it had served Docket No. 47 on Darby.

mortgage foreclosure action, particularly Act 6 and Act 91 notice,[2] and that

its certifications on the docket that notice had been provided were

fraudulent. Darby also complained that, although BANA was aware that he

was incarcerated, it continued to mail litigation-related documents to Darby's

residence. N.T., 2/21/14, at 12. Finally, Darby asserted that because the

foreclosure complaint was defective, there was no jurisdictional basis for

filing the complaint. *Id*. at 14.

BANA denied that Pennsylvania law mandates proof of service of Act 6

or Act 91 notice. Rather, BANA maintained that it was required to show only

that it sent notices of intent to foreclose to Darby at his last known address

or mortgage premises, if different. BANA represented that it complied with

---

[2] The Loan Interest and Protection Law, 41 P.S. §§ 101 *et seq.* ("Act 6") provides that notice of intention to take action on a residential mortgage must be in writing and be sent to the residential mortgage debtor by registered or certified mail at his or her last known address and, if different, to the residence that is the subject of the residential mortgage. 41 P.S § 403 (b).

The Homeowner's Emergency Mortgage Assistance Act of 1983 ("Act 91") requires a mortgagee pursuing foreclosure to send notice advising the mortgagor of his delinquency and that such mortgagor has thirty days to have a face-to-face meeting with the mortgagee who sent the notice or a consumer credit counseling agency to attempt to resolve the delinquency by restructuring the loan payment schedule or otherwise. 35 P.S. § 1680.403c(a), (b)(1). Act 91 notice is not necessary when the mortgage is insured by the Federal Housing Administration ("FHA"). 35 P.S. § 1680.401c(a)(3). Darby's mortgage was FHA-insured. *See* Plaintiff's Objections and Response to Defendant's Request for Production of Documents, Docket No. 77, at ¶ 20 (attaching copy of mortgage).

these notice requirements. BANA did not offer argument on its *res judicata* and collateral estoppel claims during the hearing.

On June 10, 2014, the trial court denied Darby's second petition to open the judgement. In its memorandum opinion, the trial court addressed both the allegations raised in Darby's second petition to open and the additional allegations included in the brief Darby submitted in support thereof. Relevant to the issues raised in this appeal, the trial court concluded:

> [Darby's] first contention is that [BANA] never filed or served the required Notice of Intention to file Praecipe to Enter Default Judgment. This assertion is belied by the record.
>
> Pursuant to Pa.R.C.P. 237.1(a)(2)(ii), a default judgment cannot be entered unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered and to the party's attorney of record, if any.
>
> Here, the Praecipe for Entry of Default Judgment contained the required certification by [BANA] that stated that [BANA] had mailed or delivered the notice of intention after default and at least 10 days prior to the filing of the praecipe for default judgment. *See* docket entry no. 2, p. 2. Furthermore, the praecipe to enter judgment contained a copy of the notices of intention, which is required by subsection (a)(3) of Rule 237.1, that [BANA] had served upon [Darby]. The notices attached are dated 3/23/10 and 4/7/10.
>
> [Darby] next alleges that a praecipe certifying prior notice of intent to file for default judgment does not appear on the docket. Again, [Darby's] assertion is disproved by a review of the docket. Docket entry no. 2, which is the Praecipe for Default Judgment, clearly sets forth on page 2 the required certification by [BANA] that it had mailed or delivered the notice of intention to file a praecipe for default judgment.

[Darby's] third allegation is that the Prothonotary did not provide him with a ten-day notice of default pursuant to Pa.R.C.P. 237.1.

This allegation is easily dismissed as Rule 237.1 does not require the Prothonotary to provide [Darby] with a ten-day notice of default. It is a plaintiff that must provide such notice to a defendant.

* * *

Next, [Darby] alleges that [BANA] failed to provide [Darby] with Act 6 notice or Act 91 notice.

Without addressing whether [BANA] served [Darby] with Act 91 notice, in this case Act 91 notice is not required because the mortgage was insured by the Federal Housing Administration. *See* 35 P.S. § 1680.401c(a)(3).

With respect to the Act 6 notice, [BANA] alleged in its Complaint that it had served such notice upon [Darby]. *See* Complaint, ¶8.

* * *

Finally, and perhaps most importantly, we stress that [Darby] has not set forth allegations regarding the three-part test for opening default judgment. He has not pled a meritorious defense to the underlying foreclosure action. He has not alleged that his Motion to Open was filed in a timely manner. [Darby] has not pled a reasonable explanation for his failure to file a timely responsive pleading to [BANA's] Complaint.

Trial Court Opinion, 6/9/14, at 5–9.

The trial court also denied Darby's discovery motions and granted BANA's motion to strike Darby's answer and affirmative defenses. **Id**. at 9–10. In the concluding paragraph, the trial court advised that "[i]n the event that an appeal from this Memorandum Opinion and Order is taken, this Memorandum Opinion shall serve as the Court's opinion pursuant to Pa.R.A.P. 1925(a) (1)." **Id**. at 10.

Darby filed a timely notice of appeal on June 30, 2014. In keeping with the above-representation, the trial court did not issue an order pursuant to Pa.R.A.P. 1925.

Darby raises the following issues for appellate review:

I.   DID THE TRIAL COURT ERR OR ABUSE ITS DISCRETION IN NOT OPENING OR STRIKING DEFAULT JUDGMENT AND DISMISSING THE COMPLAINT?

II.  DID THE TRIAL COURT LACK SUBJECT MATTER JURISDICTION IN FORECLOSURE ACTION, WHERE [BANA] FAILED TO COMPLY WITH THE NOTICE REQUIREMENTS UNDER ACT-6 AND/OR ACT-91?

III. DID THE PROTHONOTARY ERR IN INITIALLY FILING THE COMPLAINT WITHOUT VERIFYING THAT THE COMPLAINT CONTAINED THE REQUIRED ACT-6 AND/OR ACT-91 NOTIFICATION DOCUMENTS?

IV.  DID THE PROTHONOTARY ERR IN ENTERING DEFAULT JUDGMENT WITHOUT VERIFYING [THAT] THE RECORD CONTAINED THE REQUIRED NOTIFICATION DOCUMENTS AND COMPLIED WITH PA.R.CIV.P., PRIOR TO ENTERING DEFAULT JUDGMENT?

V.   DID [BANA] FAIL TO COMPLY WITH PENNSYLVANIA LAWS, CONCERNING MORTGAGE FORECLOSURE ACTION?

Darby's Brief at 3.

Petitions to open judgments call upon the equitable powers of the court and are committed to the sound discretion of the hearing court. *Mother's Restaurant Inc. v. Krystkiewicz*, 861 A.2d 327, 336 (Pa. Super. 2004) (*en banc*). An order denying a petition to open will not be disturbed absent a manifest abuse of that discretion. *Smith v. Friends Hospital*, 928 A.2d 1072, 1074 (Pa. Super. 2007).

Darby's first, third, and fourth issues concern the procedures required by the Pennsylvania Rules of Civil Procedure relative to mortgage foreclosure complaints and default judgments. Darby urges that: 1) the foreclosure complaint was defective because the docket entries do not indicate that he received Act 6 or Act 91 notice prior to filing the complaint; 2) the prothonotary erred in filing the complaint without verifying that it included the required notifications; and 3) the prothonotary erred in entering default judgment without verifying compliance with Pa.R.Civ.P. 237.1.

The trial court's memorandum opinion addressed adequately each of these contentions. The trial court first found that Darby's assertion that BANA failed to file or serve the notice of intention to file praecipe to enter default judgment in compliance with Pa.R.Civ.P. 237.1 was belied by the record. Trial Court Opinion, 6/9/14, at 5–6. The trial court then agreed with BANA that the mortgagee complied with the notice provisions of Act 6 when BANA filed the foreclosure complaint and determined that Act 91 notice was not implicated since Darby's mortgage was insured by the FHA. *Id*. at 8. Apart from these issues, the trial court also rejected Darby's arguments that BANA filed false or misleading certificates of service and, upon review of the documents attached to Darby's petition, found that none of the attachments supported opening of the judgment. *Id*. Finally, the trial court concluded that Darby failed to plead the requisite components to sustain opening a default judgment, *i.e.*, a timely filing of the petition, a reasonable

explanation for failing to file a responsive pleading to BANA's complaint, and a meritorious defense. *Id*. at 9.

There was no abuse of discretion in the trial court's determinations. Contrary to Darby's assertions, BANA complied with the applicable procedural rules. First, as referenced by the trial court, BANA alleged in its foreclosure complaint that it sent Darby both Act 6 and Act 91 notices. Complaint, 2/2/10, at ¶ 8. While Darby is correct that copies of the notices were not appended to the complaint, such attachments are not necessary. Pa.R.Civ.P. 1147 dictates that mortgage foreclosure complaints include:

> (1) the parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments;
>
> (2) a description of the land subject to the mortgage;
>
> (3) the names, addresses and interest of the defendants in the action and that the present real owner is unknown if the real owner is not made a party;
>
> (4) a specific averment of default;
>
> (5) an itemized statement of the amount due; and
>
> (6) a demand for judgment for the amount due.
>
> *Note:* The plaintiff may also set forth in the complaint a release of the mortgagor and the mortgagor's successors in interest. See Rule 1144(b). **If the mortgage is a residential mortgage under [Act No. 6] the complaint should set forth an averment of compliance with the provisions of Section 403 of Act No. 6, 41 P.S. § 403.**

Pa.R.Civ.P. 1147(a) (emphasis added). *See also* 4 Goodrich Amram 2d. § 1147:5 (mortgage foreclosure complaint should set forth an averment of compliance with Act 6). Accordingly, a plaintiff filing a complaint in

mortgage foreclosure must aver only that it complied with the notice requirements of Act 6. It need not take the additional step of attaching the notices to the complaint. We thus conclude that BANA's complaint, alleging that notice was sent, was legally sufficient. It thereby follows that the prothonotary did not err when it accepted the complaint for filing.

Next, the trial court's conclusion that BANA complied with the notice requirements of Pa.R.Civ.P. 237.1 is supported by the record. Rule 237.1(2) provides in relevant part as follows:

> (2) No judgment of non pros for failure to file a complaint or by default for failure to plead shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered
>
> * * *
>
>> (ii) in the case of a judgment by default, after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered and to the party's attorney of record, if any.
>
> The ten-day notice period in subdivision (a)(2)(i) and (ii) shall be calculated forward from the date of the mailing or delivery, in accordance with Rule 106. . . .
>
> (3) A copy of the notice shall be attached to the praecipe.
>
> (4) The notice and certification required by this rule may not be waived.

Pa.R.Civ.P. 237.1.

It is apparent from a review of the docket entries that BANA included the required Rule 237.1 certification that written notice of the intention to

file the praecipe was mailed to Darby and attached copies of those notices to the praecipe for judgment. Docket No. 3, 4/28/10, at 2–6. Therefore, Darby cannot prevail on this issue.

Darby has also argued that the trial court lacked subject matter jurisdiction to entertain the mortgage foreclosure action because BANA failed to comply with the notice requirements of Act 6 and Act 9 (Issue No. II). This assertion is neither factually nor legally sustainable. First, we have already decided that BANA met the notice requirements. Second, our Supreme Court has determined that a defective Act 91 notice does not deprive the courts of subject matter jurisdiction. ***Beneficial Consumer Discount Co. v. Vukman***, 77 A.3d 547, 553 (Pa. 2013). And, while ***Vukman*** dealt specifically with Act 91 and not with Act 6, the reasoning of ***Vukman*** applies to both laws in that a mortgagee's noncompliance with notice requirements does not divest a court of jurisdiction over a foreclosure action. Moreover, Act 91 explicitly incorporates the notice requirements found in Act 6. ***See*** 35 P.S. § 1680.403(c)(b)(I) (the notice shall include all the information required by this subsection and by [Act 6]).

Darby's fifth issue is a summarization of the other issues raised in his brief and does not require separate analysis other than comment on Darby's criticism that BANA failed to produce compliance with Rule 237.1 upon his request. BANA cannot be faulted in this regard because Darby plainly had access to the docket entries, evidenced by the copy of same attached to his

second petition to open the default judgment.  Defendant's Petition to Open, Docket No. 57, Ex. A.

We observe finally that Darby has not challenged the trial court's primary rationale for denying his motion to open the judgment, *i.e.*, Darby's failure to set forth allegations regarding the three-part test for opening default judgments.  **See Boatin v. Miller**, 955 A.2d 424, 426 (Pa. Super. 2008) (the three-prong common law test assesses whether petition was promptly filed, stated a meritorious defense to the underlying claim, and offered a legitimate excuse for the delay that led to the default).  We agree with the trial court that Darby has not alleged that his petition was filed in a timely manner, has not pled a reasonable explanation for his failure to file a timely responsive pleading to BANA's complaint, and has not pled a meritorious defense to the underlying foreclosure action.  On this basis alone, the trial court's decision to deny the petition to open was well within its discretion.

For these reasons, the order denying Darby's second petition to open judgment is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/7/2015