**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| STEPHENIE HARRIS, ADMINISTRATRIX OF THE ESTATE OF T.G | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| ASHLEY MARIE HARKER, JOY L. ALFONSI, AND COLUMBIA/WEGMAN, LLC D/B/A THE LANDING OF SOUTHAMPTON | : | No. 2718 EDA 2023 |
| | : | |
| | : | |
| | : | |
| APPEAL OF: COLUMBIA/WEGMAN, LLC D/B/A THE LANDING OF SOUTHAMPTON AND LEISURE CARE, LLC | : | |

Appeal from the Order Entered September 21, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 220801442

| | | |
|---|---|---|
| STEPHENIE HARRIS, ADMINISTRATRIX OF THE ESTATE AND PERSON OF T.G., AN INCAPACITATED PERSON, STEPHENIE HARRIS, MELISSA FRIEDMAN, EXECUTRIX OF THE ESTATE OF L.F. AND TERRI ETKIN GOLDMAN AND MARC ETKIN, CO-ADMINISTRATORS OF THE ESTATE OF P.E. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2744 EDA 2023 |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ASHLEY MARIE HARKER, JOY L. ALFONSI, COLUMBIA/WEGMAN, LLC | : | |

| | | |
|---|---|---|
| D/B/A THE LANDING OF SOUTHAMPTON AND LEISURE CARE, LLC | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: COLUMBIA/WEGMAN, LLC D/B/A THE LANDING OF SOUTHAMPTON AND LEISURE CARE, LLC | : : : : | |

Appeal from the Order Entered September 21, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  230701951

| | | |
|---|---|---|
| STEPHENIE HARRIS, ADMINISTRATRIX OF THE ESTATE OF T.G. | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ASHLEY MARIE HARKER, JOY L. ALFONSI, COLUMBIA/WEGMAN, LLC D/B/A THE LANDING OF SOUTHAMPTON | : : : : | No. 41 EDA 2024 |
| | : | |
| | : | |
| APPEAL OF: COLUMBIA/WEGMAN, LLC D/B/A THE LANDING OF SOUTHAMPTON AND LEISURE CARE, LLC | : : : : | |

Appeal from the Order Entered December 1, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  220801442

| | | |
|---|---|---|
| STEPHENIE HARRIS, ADMINISTRATRIX OF THE ESTATE OF T.G., STEPHENIE HARRIS, MELISSA FRIEDMAN, EXECUTRIX OF THE ESTATE OF L.F. AND TERRI ETKIN GOLDMAN AND MARC ETKIN, CO- | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |

- 2 -

| | |
|---|---|
| ADMINISTRATORS OF THE ESTATE OF P.E. | : : : : : |
| | : No. 360 EDA 2024 |
| v. | : : : |
| | : : |
| ASHLEY MARIE HARKER, JOY L. ALFONSI, COLUMBIA/WEGMAN, LLC D/B/A THE LANDING OF SOUTHAMPTON AND LEISURE CARE, LLC | : : : : : : : |
| | : : |
| APPEAL OF: COLUMBIA/WEGMAN, LLC D/B/A THE LANDING OF SOUTHAMPTON AND LEISURE CARE, LLC | : : : : |

Appeal from the Order Entered December 1, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 230701951

BEFORE: DUBOW, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.: **FILED MARCH 11, 2025**

In these four appeals, which we have consolidated *sua sponte*, Appellants, Columbia/Wegman LLC d/b/a The Landing of Southampton ("The Landing"), and Leisure Care, LLC ("Leisure Care") (collectively, "Appellants") appeal from the September 21, 2023 order entered in the Philadelphia County Court of Common Pleas overruling the preliminary objections to Appellees' seventh amended complaint and the December 1, 2023 order determining that Appellees' "Motion for a Determination that the Filing of a Certificate of Merit is not Required" is moot. After careful review, we affirm both orders.

The relevant facts and procedural history are as follows. Appellees are family members of former residents (the "victims") of the memory care unit at The Landing, an independent living, personal care, and memory care facility. On May 19, 2023, Appellees, in their own right and on behalf of the victims L.F. and T.G., filed at Case No. 220801442 a 12-count seventh amended complaint (the "Seventh Amended Complaint") alleging that a male resident of The Landing sexually assaulted the victims, causing them to suffer trauma and emotional distress. On July 20, 2023, Appellees, on behalf of themselves, L.F., T.G., and a newly-identified third victim, P.G., initiated a second action at Case No. 230701951 raising the same claims and adding Leisure Care, The Landing's parent company, as a defendant.[1]

In the complaints, Appellees specifically claimed that the individual defendants, Ashley Marie Harker and Joy L. Alfonsi,[2] negligently failed to prevent and report the sexual assaults. They also raised claims of Negligence against The Landing and Leisure Care and of Intentional Infliction of Emotional Distress claims against all defendants. In addition to the claims asserted on behalf of the victims, Appellee Harris sought damages for loss of consortium and Appellee Friedman sought damages for loss of enjoyment of life. In the

_____

[1] On November 13, 2023, Appellees amended this complaint for a third time and the operative complaint for purposes of this appeal is this third amended complaint (the "Third Amended Complaint").

[2] Ms. Harker was The Landing's General Manager and Ms. Alfonsi its Director of Health and Wellness.

complaint, Appellees expressly stated that they were not asserting any medical or other professional liability claims.

The Landing filed preliminary objections to the Seventh Amended Complaint alleging, *inter alia*, that, contrary to Appellees' representations, Appellees' claims sounded in professional negligence pursuant to Pa.R.Civ.P. 1042.2(b), and not ordinary negligence, and, therefore, the Rule required Appellees to file a Rule 1042.3 certificate of merit.[3]

Following a hearing, on September 21, 2023, the trial court overruled The Landing's preliminary objections to the Seventh Amended Complaint, finding that Appellees' action was not a professional negligence action.[4, 5]

On October 20, 2023, The Landing filed two notices of appeal from the trial court's September 21, 2023, order: one challenging the court's determination that Appellees did not need to file a certificate of merit and one overruling its preliminary objections as to venue (the "First Appeal").[6]

_____

[3] In the preliminary objections, The Landing also objected to venue in Philadelphia County. On August 22, 2023, however, the parties stipulated that if the trial court found that this was not a professional negligence action, venue was proper in Philadelphia County. On November 16, 2023, the trial court approved the stipulation.

[4] The court overruled the remaining preliminary objections in the nature of a demurrer on December 8, 2023.

[5] On October 5, 2023, the trial court consolidated Case No. 220801442 with Case No. 230701957.

[6] This non-final order is immediately appealable as a collateral order. **Kelly Sys., Inc. v. Leonard S. Fiore, Inc.**, 198 A.3d 1087, 1091 (Pa. Super. 2018). We docketed these appeals at Nos. 2718 EDA 2023 and 2744 EDA 2023.

Notwithstanding the court's order determining that Appellees did not need to file a certificate of merit, Appellants filed a notice of intent to enter judgment of *non pros* for failure to file a certificate of merit. In response, on November 8, 2023, Appellees filed a "Motion for Determination that the Filing of a Certificate of Merit is Not Required" ("Motion for Determination"). On December 1, 2023, the trial court entered an order finding Appellees' motion moot. As a result, Appellants filed a set of notices of appeal from the December 1, 2023 order which this Court docketed at Nos. 41 and 360 EDA 2024 (the "Second Appeal").[7]

Appellants raise the following issue in each of their four appeals:[8]

Whether the trial court erred in refusing to designate this lawsuit as an action sounding in professional negligence, pursuant to

---

[7] The trial court did not order Appellant to file a Pa.R.A.P. 1295(b) statement.

[8] Appellants have indicated that their briefs for the appeals pending at Nos. 2718 and 2744 EDA 2023 are identical to each other and that those filed at Nos. 41 and 360 EDA 2024 are identical to each other. Thus, to the extent we must refer separately to Appellants' briefs, we have labeled them the "First Appeal Brief" and "Second Appeal Brief," respectively. In addition, our review of the First Appeal Brief and Second Appeal Brief reveals that Appellants have raised a singular issue for our review in each appeal. The argument presented in support of this issue in the Second Appeal Brief appears to differ from the First Appeal Brief only in that, in the Second Appeal Brief, Appellants also argue that the trial court erroneously consolidated the cases and erred in determining that the September 20, 2023 order was the "law of the case" and rendered the Motion for Determination moot. Second Appeal Brief at 26-28. Because Appellants did not raise this issue in their Statement of Questions Involved and it is not fairly suggested thereby, we decline to address it. **See** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). We, thus, confine our review to the court's determination that Appellees' claims sound in ordinary negligence and not professional negligence.

> Pa.R.C.P. 1042.2 and 1042.3, which would require [Appellees] to file a certificate of merit?

First Appeal Brief at 2; Second Appeal Brief at 2.

Appellants claim that the trial court erred in finding that Appellees pled an ordinary negligence claim against Appellants and not a professional negligence claim that would necessitate filing a certificate of merit. To determine which theory of liability a plaintiff has asserted in his or her complaint, we must examine the averments set forth therein. *Ditch v. Waynesboro Hosp.*, 917 A.2d 317, 321 (Pa. Super. 2007). This claim presents a question of law over which our standard of review is *de novo*, and our scope of review is plenary. *Id.*

Our Supreme Court has defined medical malpractice as the "unwarranted departure from generally accepted standards of medical practice resulting in injury to a patient, including all liability-producing conduct arising from the rendition of professional medical services." *Toogood v. Owen J. Rogal, D.D.S., P.C.*, 824 A.2d 1140, 1145 (Pa. 2003). "[T]he basic elements of medical malpractice and ordinary negligence are the same, although medical malpractice has some distinguishing characteristics." *Ditch*, 917 A.2d at 322.

Medical malpractice has two defining features: (1) it can only occur within the course of a professional relationship and (2) it raises questions of medical judgment. *Id.* Thus, to determine whether a plaintiff has pled a medical malpractice claim, we must consider whether the plaintiff's claim "pertains to an action that occurred within the course of a professional

relationship [and] whether the claim raises questions of **medical judgment** beyond the realm of common knowledge and experience." *Id.* (citation omitted, emphasis added). Critically, "where a complaint is predicated upon facts constituting medical treatment, that is, when it involves diagnosis, care[,] and treatment, by licensed professionals, the action must be characterized as a professional negligence action." *Yee v. Roberts*, 878 A.2d 906, 912 (Pa. Super. 2005) (internal citations and quotation marks omitted); *Smith v. Friends Hosp.*, 928 A.2d 1072, 1076 (Pa. Super. 2007) (explaining that because "nothing in [the] complaint is predicated upon substandard medical treatment, that is, acts involving diagnosis, care[,] and treatment by licensed professionals," the complaint "does not allege professional negligence or a deviation from an acceptable professional standard.").

Appellants acknowledge that Appellees' complaints raised ordinary negligence claims pertaining to Ms. Harker's and Ms. Alfonsi's cover-up of the assaults of the victims. First Appeal Brief at 18-19, Second Appeal Brief at 23-24. Appellants assert, however, that Appellees also raised medical professional negligence claims regarding "the possibility of whether The Landing failed to take appropriate steps that possibly could have prevented the assaults from occurring at all, steps which involve medical treatments and judgments." First Appeal Brief at 19 (citing Seventh Amended Complaint at Exh. 5); Second Appeal Brief at 24 (citing Third Amended Complaint at Exh. 7). In particular, Appellants contend that a grand jury report issued following criminal investigation of Ms. Alfonsi and Ms. Harker arising from these

incidents and Appellees' exhibits appended to both of the operative complaints mention that Ms. Alfonsi "made a note in the perpetrator's file that he 'remains sexually inappropriate,' and that, as a result, she ordered increases in the dosages of certain medication to be given to him." First Appeal Brief at 19 (citing Seventh Amended Complaint at Exh. 5); Second Appeal Brief at 24 (citing Third Amended Complaint at Exh. 7). Appellants infer from the inclusion of the grand jury report and the report's notation regarding post-assault adjustments made to the perpetrator's medications, that Appellees intend to advance a theory that, had Appellants properly exercised its medical judgment when determining how much medicine to give the perpetrator, Appellants could have prevented the assaults against the victims. First Appellate Brief at 19, Second Appellate Brief at 25. Appellants conclude that the complaints' "generalized allegations averring that The Landing failed to prevent any assaults from occurring take this lawsuit out of the realm of 'ordinary' negligence and into the realm of professional negligence, thereby requiring [Appellees] to have submitted a [c]ertificate of [m]erit." Second Appellate Brief at 25.

We disagree with Appellants' characterization of Appellees' claim—that Appellants failed to prevent the assaults—as a medical professional negligence claim. We find this Court's decision in **Smith**, **supra**, instructive in determining whether these allegations give rise to ordinary negligence or medical professional negligence claims.

In **Smith**, the plaintiff alleged that she had been sexually assaulted and beaten by hospital employees. She asserted claims against the hospital for failing to properly employ and supervise its employees who allegedly perpetrated the assaults and for failing to create an environment where such acts could not occur. In evaluating the nature of the plaintiff's claims and concluding that the claims sounded in ordinary negligence, this Court determined that, not only did claims of this nature "not raise questions involving medical judgment beyond the realm of common knowledge and experience[,] they did not raise questions of medical judgment at all." **Smith**, 928 A.2d at 1076. This Court further found that because nothing in the plaintiff's complaint involved substandard diagnosis, care, and treatment by licensed professionals, the "complaint does not allege professional negligence or a deviation from an acceptable professional standard." **Id.**

Our review of the Seventh Amended Complaint and the Third Amended Complaint indicates that the claims in the complaints are based upon Appellees' allegations that Appellants concealed and failed protect against and to report the sexual assaults against the victims to the victims' families and the appropriate authorities, as well as general allegations that Appellants negligently failed to prevent the assaults from occurring. Appellees did not set forth any allegations that called into question medical treatment, diagnosis, or care provided by Appellants. Thus, following our *de novo* review and considering the averments made by Appellees as a whole, we conclude that, like in **Smith**, because Appellees' action arose from unreported sexual

assaults on the victims, and not from questions involving Appellants' medical judgment, Appellees raised only ordinary negligence claims. The trial court, therefore, properly determined that Appellees were not required to file certificates of merit, and we affirm the court's orders.

We affirm the orders on appeal at Nos. 2718 EDA 2023, 2744 EDA 2023, 41 EDA 2024, and 360 EDA 2024 affirmed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/11/2025